■ KATHLEEN M. VAN DELOO et al., Respondents-Appellants, v RALPH S. MORELAND, Doing Business as R.S. MORELAND CONSTRUCTION, Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court in favor of plaintiffs, entered March 20, 1980 in Albany County, upon a decision of the court at Trial Term (Fromer, J.), without a jury. In April, 1975, plaintiffs and defendant entered into a contract for the erection of a structural steel, pre-engineered building, whereby defendant agreed to grade the site, install footings, piers, block wall and concrete slab, erect the building and install insulation, using materials supplied by plaintiffs. Defendant erected the building and plaintiffs made all but the last two installment payments provided for in the contract. Thereafter, plaintiff commenced this action seeking damages for breach of contract based upon alleged defective workmanship. Defendant counterclaimed, seeking the two unpaid installment payments and reimbursement for additional work. The trial court found that defendant had breached the contract, awarding damages in the amount of $4,959.76, and dismissed defendant's counterclaim. These cross appeals ensued. Initially, we find ample support in the record for the trial court's finding that defendant substantially breached the contract whereby he agreed to do all work "in a workmanlike manner according to standard practices". Plaintiffs' expert witness testified that the building was not erected in compliance with accepted practices in the construction industry in the Capital District. In particular, he found, inter alia, that the quality of construction of the foundation was substandard, that approximately one half of the columns exceeded acceptable plumb standards ánd that the building was not square, resulting in substantial structural deficiencies. An officer of the corporation from which plaintiffs purchased the building also testified that the building was not properly erected. In view of the trial court's finding with respect to defendant's breach of the contract, defendant is not entitled to recover the unpaid installments either on the contract or in quantum meruit (see Steel Stor. & Elevator Constr. Co. v Stock, 225 NY 173). With respect to the claim for additional work, "[r]ecovery cannot be had for extra work which actually falls within the contract" (Savin Bros. v State of New York, 62 AD2d 511, 516, affd 47 NY2d 934), and we find insufficient proof in the record to establish that the alleged work was not contemplated by the contract, particularly in light of the contract provision requiring that extra work be executed "only upon written orders". Turning to plaintiffs' cross appeal contesting the adequacy of the award, we find that the trial court applied the proper measure of damages. The record

supports the finding that despite the substantial defects in defendant's workmanship, the defects were remediable. Accordingly, the measure of damages is "the market price of completing or correcting the performance" (*Di Bernardo v Gunneson,* 65 AD2d 828, 829). In view of plaintiffs' continued use of the building after making certain remedial repairs, the trial court calculated the damages on the basis of the costs of those repairs, rather than the estimates of substantial reconstruction, which plaintiffs assert are the appropriate damages. We see no reason to disturb the trial court's finding. The judgment should be affirmed in all respects. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.