■ F.D. RICH HOUSING CORP., Respondent, v KPJ ASSOCIATES, Appellant. — In an action to recover the balance due for materials manufactured and delivered pursuant to a written agreement, defendant KPJ Associates appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Coppola, J.), entered May 6, 1982, which, after a nonjury trial, awarded plaintiff the principal sum of $10,303.01. Order and judgment affirmed, with costs. At issue is the amount due plaintiff, a concrete block manufacturer, for accepted nonconforming goods, namely, precast concrete panels for an office building. It would appear that the balance due for panels sold and accepted by defendant, a general partnership, amounted to $16,303.10. However, defendant maintains that it was entitled to a $12,000 offset representing the amount withheld by Metropolitan Life Insurance Company, the construction mortgagee, from progress payments due defendant until defects in the building were remedied. The architect retained by the construction mortgagee to periodically inspect and report on the project testified that of the $12,000 held back by the mortgagee until exterior defects in the building were remedied, "more than" 50% was attributable to shortcomings in the manufacture of the panels, as opposed to deficiencies in defendant's

construction, erection and other items. Pursuant to subdivision (1) of section 2-607 of the Uniform Commercial Code a "buyer must pay at the contract rate for any goods accepted". However, subdivision (2) of section 2-714 of the Uniform Commercial Code provides a remedy where nonconforming goods have been accepted and the time for revocation of acceptance has passed. In such event, the measure of damages "is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted". In view of the defendant's failure to establish how much over 50% of the amount withheld by the mortgagee and attributable to defects in manufacture was also due to nonconformity in the panels supplied by plaintiff, Trial Term's allowance of $6,000 to be deducted from the amount due defendant was an appropriate and reasonably determined award (see Uniform Commercial Code, § 2-714, subd [1]; cf. *Zappala & Co. v Pyramid Co. of Glens Falls,* 81 AD2d 983, 984). Damiani, J. P., Titone, Mangano and Boyers, JJ., concur.