■ MAYFAIR KITCHEN CENTER, INC., Appellant-Respondent, v FRANK J. NIGRO, JR., et al., Respondents-Appellants.—Kane, J. Cross appeals from an order of the County Court of Albany County (Harris, J.), entered May 27, 1987, which affirmed a judgment of the Albany City Court in favor of defendants.

The instant case involves a dispute concerning an agreement between the parties wherein plaintiff was to, *inter alia,* remodel defendants' kitchen. The focus of the dispute centers on the kitchen cabinets used by plaintiff in completing the remodeling job. Although plaintiff had been using a brand known as Rutt cabinets, it apparently had begun receiving complaints and experiencing installation problems with these

cabinets. As a result, plaintiff explained to defendants that another brand, Quality cabinets, which it believed were of a quality superior to Rutt cabinets, would be a better choice. Defendants agreed and plaintiff proceeded to order and install the Quality cabinets. However, shortly after the installation of these cabinets, the finish began to chip and peel and the cabinets began to warp. The cabinets also appeared to be improperly aligned and the hinges did not work correctly. Although plaintiff made repairs and adjustments, these attempts were apparently not successful. Due to their dissatisfaction with the cabinets, defendants refused any further payments to plaintiff. Thereafter, plaintiff commenced the instant action seeking to recover the balance due for the work it had performed for defendants. Plaintiff's total bill was $14,419.60, of which defendants had paid $10,794.35, leaving an unpaid balance of $3,625.25. Defendants counterclaimed, alleging, *inter alia,* breach of express and implied warranties. After hearing testimony for both sides, Albany City Court found that plaintiff was not entitled to the balance due for its work since it had breached the parties' contract and therefore dismissed plaintiff's complaint. The court found in favor of defendants on their breach of warranty claim and awarded them damages in the amount of $403. Both sides appealed to County Court, plaintiff arguing that its claim was improperly dismissed and defendants arguing that the assessment of damages was incorrect. County Court affirmed City Court's judgment in all respects. On this appeal by plaintiff and cross appeal by defendants, the same arguments have been advanced by both parties.

Turning first to plaintiff's appeal, we are of the view that its claim for recovery of the balance due should not have been dismissed. The evidence presented did not support a finding that plaintiff "substantially breached the contract" thereby forfeiting its right to collect the balance remaining due for the work it performed *(Van Deloo v Moreland,* 84 AD2d 871). The Court of Appeals has stated that "a buyer may defeat *or diminish* a seller's substantive action for goods sold and delivered by interposing a valid counterclaim for breach of the underlying sales agreement" *(Created Gemstones v Union Carbide Corp.,* 47 NY2d 250, 255 [emphasis supplied]). Here, the parties' dispute concerned only the question of the defective cabinets and they were only a part of the total cost of the work and labor performed by plaintiff. Plaintiff remodeled defendants' entire kitchen, as well as doing some work in their bathroom. The balance of the bill concerned not only the

amount owed on the cabinets but also reflected the other work plaintiff did for defendants. Plaintiff concedes that with respect to the cabinets, there was a breach of warranty and it does not quarrel with City Court's finding in favor of defendants on this issue. However, plaintiff argues, and we agree, that this does not support a finding that plaintiff substantially breached the contract (cf., Manniello v Dea, 92 AD2d 426). Accordingly, plaintiff was not precluded from recovering the balance owed less the damages due defendants for plaintiff's breach of warranty with respect to the cabinets (see, Cuba Cheese v Aurora Val. Meats, 113 AD2d 1012; Zappala & Co. v Pyramid Co., 81 AD2d 983, lv denied 55 NY2d 603; see also, UCC 2-717).

With respect to defendants' cross appeal contesting the adequacy of the damages awarded, we find the measure of damages to have been proper. Defendants claim that the cabinets cannot be repaired and that the testimony established the cost of having them replaced with Rutt cabinets instead. By notifying plaintiff of the defective cabinets, defendants could have recovered damages for the difference between the value of the goods accepted and the value the goods would have had if they had been as warranted (see, UCC 2-714 [2]). However, defendants failed to present evidence establishing such damages. Testimony as to the cost of installing the Rutt cabinets was not evidence of a difference in value. The only proof offered was on the cost of restoration and repair which was estimated to be $403. Therefore, City Court properly limited defendants' recovery to the cost of such repairs (see, Rich Hous. Corp. v KPJ Assocs., 93 AD2d 878, 879; Zappala Co. v Pyramid Co., 81 AD2d 983, 984, supra).

To conclude, although City Court improperly dismissed plaintiff's claim, the court was correct in its assessment of damages and the cost of the repairs should be offset against the balance due on the contract (see, Sosnow v Paul, 36 NY2d 780, 782).

Order modified, on the facts, without costs, by reversing so much thereof as dismissed plaintiff's complaint; plaintiff awarded the balance due on the contract less an offset of $403 damages, plus interest; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.