◼ PHILIP A. GERALDI, Appellant, v ZEV MELAMID et al., Respondents. [622 NYS2d 742] —In an action, *inter alia,* in quantum meruit to recover the value of services allegedly rendered by the plaintiff to the defendants, the plaintiff appeals from an order of the Supreme Court, Nassau County (Goldstein, J.), entered September 3, 1992, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff contends that he is entitled to recover in quantum meruit for the value of services he rendered to Zev Melamid and his corporation, Town Travel Corp. (hereinafter the defendants), in connection with the defendants' failed attempt to start a cargo airline. The Supreme Court deter-

mined that the plaintiff was not entitled to recover on his quasi-contractual claim because he had alleged the existence of an express contract *(see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 388; *Recon Car Corp. v Chrysler Corp.,* 130 AD2d 725, 730).* The court concluded, in any event, that the plaintiff failed to establish a quantum meruit claim.

On appeal, the plaintiff contends that the court erred in concluding that he sought to recover based on the terms of an express agreement with the defendants. Instead, he argues that he was seeking to recover in quasi-contract for the reasonable value of his services because the parties' alleged express agreement was oral and, therefore, unenforceable *(see, Farash v Sykes Datatronics,* 59 NY2d 500). While we agree with the plaintiff that the alleged oral agreement does not bar his causes of action sounding in quantum meruit, we nevertheless find that the defendants' motion for summary judgment was properly granted. The plaintiff failed to establish the existence of triable issues of fact with respect to his quantum meruit causes of action.

"In order to make out a claim in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services" *(Moors v Hall,* 143 AD2d 336, 337-338; *see also, Umscheid v Simnacher,* 106 AD2d 380, 382). The plaintiff failed to adequately document the services he allegedly performed for the defendants. Furthermore, assuming that the plaintiff could establish that he performed services which were accepted by the defendants, the record is devoid of evidence which would establish the reasonable value of those services *(see, e.g., Bauman Assocs. v H & M Intl. Transp.,* 171 AD2d 479). The plaintiff stated in his deposition that the only compensation he was promised for his services was an unspecified amount of equity in the new airline. Because the airline was never formed, the plaintiff contends that he is entitled to monetary compensation as a consultant. However, the complaint and other papers submitted by the plaintiff fail to include any calculations as to the amount of hours he expended, and no value is placed on his services on an hourly, daily, or weekly basis. The plaintiff's reliance on the fact that he had been previously paid $5,000 a month as a consultant was insufficient to raise a triable issue in view of his failure to establish that he performed the same tasks for the defendant as he had performed in his previous position. Accordingly, the plaintiff cannot recover on his quasi-

contract causes of action and the complaint was properly dismissed. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.