■ LARRY MICHAELS, Appellant, v BYUNG KEUN SONG, Also Known as BRIAN SONG, et al., Respondents. [28 NYS3d 915]—

In an action, inter alia, to recover in quantum meruit for services rendered and for a judgment declaring that the plaintiff was a member of the defendant Mountainside Development, LLC, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered March 26, 2014, which, after a nonjury trial, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it

finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Man Choi Chiu v Chiu*, 38 AD3d 619, 620 [2007]; *Hall v Sinclaire*, 35 AD3d 660 [2006]).

Here, the Supreme Court's determination that the plaintiff was not a member of the defendant Mountainside Development, LLC (hereinafter Mountainside), was supported by the evidence presented at the trial. The plaintiff presented no admissible evidence showing that he was a member of Mountainside. The plaintiff did not present an operating agreement, list of the members of Mountainside, stock certificate, or tax returns showing that he was a member of Mountainside.

Furthermore, the plaintiff failed to establish his cause of action to recover the value of his services under the theory of quantum meruit. To prevail on a cause of action in quantum meruit, a claimant must establish (1) the performance of the services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services (*see Wehrum v Illmensee*, 74 AD3d 796 [2010]; *Atlas Refrigeration-Air Conditioning, Inc. v Lo Pinto*, 33 AD3d 639 [2006]; *Geraldi v Melamid*, 212 AD2d 575, 576 [1995]). The record is devoid of evidence which would establish the reasonable value of the services the plaintiff provided to the defendants (*see e.g. Geraldi v Melamid*, 212 AD2d at 576; *Martin H. Bauman Assoc. v H & M Intl. Transp.*, 171 AD2d 479 [1991]). The plaintiff failed to testify as to the number of hours he expended, and no value was placed on his services on an hourly, daily, or weekly basis. Accordingly, the plaintiff could not recover on his quantum meruit causes of action.

The plaintiff's remaining contention is without merit. Rivera, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.