15-2318-cv
*Hershkowitz v. Think Tech Labs, LLC*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           CHESTER J. STRAUB,
           RAYMOND J. LOHIER, JR.,
                       *Circuit Judges.*

---

WARREN HERSHKOWITZ,

        *Plaintiff-Counter-Defendant-Appellant,*

        v.                     No. 15-2318-cv

THINK TECH LABS, LLC, VIJAY MEHRA,

        *Defendants-Counter-Claimants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**    Aaron H. Marks, Kasowitz, Benson, Torres & Friedman, LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**   Thomas E.L. Dewey, Dewey Pegno & Kramarsky LLP, New York, NY.

Appeal from a June 23, 2015 judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part,

**VACATED** in part, and **REMANDED** for such further proceedings as may be appropriate and consistent with this order.

Plaintiff-appellant Warren Hershkowitz appeals from the District Court's June 23, 2015 judgment, which followed an October 29, 2014 bench trial. In the District Court's findings of fact and conclusions of law, it held, *inter alia*, that (1) Hershkowitz's breach-of-contract claim fails because the putative employment contract he entered into with defendants-appellees Think Tech Labs, LLC ("Think Tech") and Vijay Mehra is unenforceable under New York's Statute of Frauds, N.Y. Gen. Oblig. Law §§ 5-701(a)(1) and (10); (2) Hershkowitz's quasi-contract claim[1] fails because he did not prove by a preponderance of the evidence his expectation of compensation for, or the reasonable value of, the services he rendered; and (3) Hershkowitz's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 191 and 195, also fail because those statutes would have applied to Hershkowitz only if he had been an "employee" of defendants, but he was instead an independent contractor. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Because this appeal follows a bench trial, we review the district court's findings of fact for clear error and conclusions of law and mixed questions [of law and fact] *de novo*." *Mitchell v. Garrison Protective Servs., Inc.*, —F.3d—, 2016 WL 1397830, at *3 (2d Cir. Apr. 11, 2016) (internal quotation marks omitted). Applying these standards, we affirm the District Court's holdings with respect to Hershkowitz's breach-of-contract, FLSA, and NYLL claims, but affirm the District Court's holding with respect to Hershkowitz's quasi-contract claim only in part.

## I.      Breach of Contract Claim

Regarding Hershowitz's breach-of-contract claim, the District Court's holding was based on two distinct subsections of the statute of frauds: Section 5-701(a)(1) and Section 5-701(a)(10). *See* N.Y. Gen. Oblig. Law §§ 5-701(a)(1) and (10). But we need not consider whether the District Court erred in relying on the former, because we conclude that it was correct in relying on the latter. *See Mangino v. Inc. Vill. of Patchogue*, 808 F.3d 951, 956 (2d Cir. 2015) ("[W]e are entitled to affirm the judgment on any basis that is supported by the record." (internal quotation marks omitted)).

Section 5-701(a)(10) provides that the statute of frauds applies to "a contract to pay compensation for services rendered in . . . negotiating the purchase, sale, exchange, renting or leasing of any . . . business opportunity." N.Y. Gen. Oblig. Law § 5-701(a)(10). It further provides that "'[n]egotiating' includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction." *Id.*

---

[1] Hershkowitz's unjust enrichment and *quantum meruit* claims are properly considered as a single claim in quasi-contract. *See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) ("Applying New York law, we may analyze quantum meruit and unjust enrichment together as a single quasi contract claim.").

2

This definition of "negotiating" fairly encompasses the services that Hershkowitz claims he was hired to provide. During the November 2012 conversation that Hershkowitz alleges constituted his initial contract with defendants, Mehra told Hershkowitz that Think Tech was "in the door already" with Keller Williams, an important prospective client, but "need[ed] some reinforcing," to which Hershkowitz responded, "I know [Keller Williams's] buttons . . . and their lingo. That will be a big advantage." SPA-6 (second and third alterations in original) (internal quotation marks omitted). Hershkowitz also testified that he was "brought in for [his] experience and knowledge of Keller Williams' infrastructure and their platforms to work on the [Keller Williams] deal." A-453; *see also* A-2649 ("Mehra wanted to . . . use Plaintiff's connections in and knowledge of the real estate industry to help [Think Tech] close the deal with [Keller Williams]."). Additionally, during a December 2012 conversation, Mehra and Hershkowitz discussed commissions for other "leads" Hershkowitz had been "following up with" that he might "close." SPA-6–7 (internal quotation marks omitted). In short, under Hershkowitz's own construction of the contract, "[h]e was to use his connections, his ability, and his knowledge," and "provid[e] 'know-how' or 'know-who,'" to "bring[ ] about between principals . . . enterprise[s] of some complexity." *Freedman v. Chem. Const. Corp.*, 372 N.E.2d 12, 16 (N.Y. 1977). As such, the contract is covered by Section 5-701(a)(10).

Hershkowitz's two arguments to the contrary are unpersuasive. First, he argues that "employees, such as [he] . . . , are exempt from this statute." Pl.'s Br. 50. But the only authority that he cites in support of this sweeping assertion is a single footnote in a district-court decision, which itself relies exclusively on a New York Law Journal article from 2001. *See Intertex Trading Corp. v. Ixtaccihuatl S.A. de CV*, 754 F. Supp. 2d 610, 615 n.4 (S.D.N.Y. 2010). Needless to say, this authority does not bind us. And in any event, we agree with the District Court that Hershkowitz was an independent contractor, not an employee, as discussed below. Thus, to the extent that such an exemption actually exists, it is inapplicable here.

Second, Hershkowitz argues that he "was not acting as a broker or procuring an introduction to any parties, as the statute contemplates." Pl.'s Br. 50. But as the text of Section 5-701(a)(10) makes clear, that is not all it contemplates. Indeed, the core behavior that it regulates is "negotiating," which includes "assisting in the negotiation or consummation of the transaction." N.Y. Gen. Oblig. Law § 5-701(a)(10). Hershkowitz's interpretation would read "negotiating" out of a subsection that is primarily concerned with exactly that.

In sum, we hold that the District Court correctly determined that the putative employment contract is unenforceable under Section 5-701(a)(10), and accordingly affirm the District Court's dismissal of Hershkowitz's breach-of-contract claim.

## II.     Quasi-Contract Claim

We turn next to the District Court's holding that Hershkowitz's quasi-contract claim fails because he did not prove by a preponderance of the evidence his expectation of compensation for,

or the reasonable value of, the services he rendered. *See Michaels v. Byung Keun Song*, 28 N.Y.S.3d 915, 915–16 (2nd Dep't 2016) ("To prevail on a cause of action in quantum meruit, a claimant must establish . . . an expectation of compensation [for performance of services] . . . and . . . the reasonable value of the services."). We affirm this holding only in part, because the District Court failed to sufficiently differentiate between the various deals that Hershkowitz claims entitle him to commissions.

In essence, Hershkowitz claims entitlement to commissions for three categories of deals: (1) the Keller Williams deal; (2) other deals that also closed after the termination of his relationship with defendants; and (3) other deals that closed before the termination of his relationship with defendants. *See* Pl.'s Br. 23–24. The District Court's analysis was sound as to the first and second of these categories, because Hershkowitz had no expectation of compensation for deals that closed after he ceased working on defendants' behalf. But the District Court did not squarely address the third category of deals, which closed prior to the dissolution of the relationship between the parties.

Specifically, this third category includes the Major Charles Real Estate, Copper West Properties, Finger Lakes Premier Properties, and Buehler & Associates deals, which Hershkowitz alleges entitle him to $1,810.98 in commissions. *See* A-124, A-129. With respect to these four deals, Hershkowitz may be able to establish his expectation of compensation for and the reasonable value of the services he rendered.

### A. Expectation of Compensation for Services Rendered

As to Hershkowitz's expectation of compensation, the record shows that defendants did in fact pay him a 15% commission on a number of other relatively small deals he closed. *See* SPA-8 ("Defendants sent Hershkowitz a check in the amount of $7,959.29, which represented 15% in commissions for several deals closed by Plaintiff up to that date . . . ."). We see no reason why this pattern of payment could not have created an expectation of future payment for other deals that Hershkowitz closed before the relationship ended.

### B. Reasonable Value of Services Rendered

As to the reasonable value of Hershkowitz's services, we disagree with the District Court that there is "no evidentiary basis upon which to determine" reasonable value because Hershkowitz "offered no evidence regarding any hourly rate or cost estimates." SPA-20 (internal quotation marks omitted). Indeed, one of the cases on which the District Court relied in so holding acknowledges that, while "compensation under quantum meruit is [for the most part] based on an hourly rate," "[t]here are . . . well-recognized exceptions based on clear and accepted market place conventions," and that "[r]eal estate and other business brokers and finders are generally compensated by percentages of the purchase price customary to the locality or the business." *Carlino v. Kaplan*, 139 F.

Supp. 2d 563, 565 (S.D.N.Y. 2001); *accord Learning Annex Holdings, LLC v. Rich Glob., LLC*, 860 F. Supp. 2d 237, 242 (S.D.N.Y. 2012).

## C. Remand

In the circumstances here presented, we are required to remand the cause to the District Court so that it may consider in the first instance whether Hershkowitz has proven by a preponderance of the evidence his expectation of compensation for, and the reasonable value of, the services he rendered in connection with the third category of deals.

## III.    FLSA and NYLL Claims

We affirm the District Court's holding with respect to Hershkowitz's FLSA and NYLL claims, substantially for the reasons stated by the District Court in its thorough decision of June 19, 2015 holding that Hershkowitz was an independent contractor, not an employee.

## CONCLUSION

We have considered all of Hershkowitz's other arguments and find them to be without merit. For the reasons stated above, the District Court's June 23, 2015 judgment is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for such further proceedings as may be appropriate and consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5