■ Home Construction Corp., Appellant, v Michael Beaury et al., Respondents. [50 NYS3d 530]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Galasso, J.), entered May 9, 2014, which denied its motion pursuant to CPLR 4404 (b), inter alia, to set aside a decision of the same court dated March 11, 2014, as amended April 4, 2014, made after a nonjury trial, and (2) a judgment of the same court entered May 19, 2014, which, upon the decision, is in favor of the defendants and against it, in ef-

fect, dismissing the cause of action to recover in quantum meruit and awarding damages on the second counterclaim in the principal sum of $329,565.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In April 2008, the defendants hired an architect to prepare a set of plans for the renovation of a house they owned in Manhasset. Thomas Malo, president of the plaintiff, Home Construction Corp. (hereinafter Home Construction), presented the defendants with a written proposal to perform the renovation project according to the architectural plans, including materials and labor, for a total cost of $866,300. The defendants did not sign the proposal or any other writing in reference to Home Construction's work on the house, but gave Malo a check for $50,000, and Home Construction commenced the renovation project. As the work proceeded, the defendants made interim payments totaling $865,000; the defendants also made changes and additions to the original plans, and received certain credits. These changes and additions were oral; none was memorialized in a signed, written agreement between the parties.

In February 2011, the renovation project remained incomplete. Malo demanded additional payment, while the defendants brought in another architect, who prepared a "punch list" of items that needed to be completed. Home Construction ceased work on the project. Malo, on behalf of Home Construction, filed a mechanics' lien, claiming the total cost of the project, including additions and credits, was $1,068,720, of which $219,850 remained unpaid, and commenced this action asserting causes of action based on quantum meruit, an account stated, and to recover damages for breach of contract. The defendants denied the allegations and counterclaimed seeking, inter alia, damages they claimed arose out of the cost of completing and redoing Home Construction's defective work. The defendants also moved for summary judgment dismissing the complaint.

By order entered April 18, 2013, the Supreme Court directed

the dismissal of all of Home Construction's causes of action except the one to recover in quantum meruit, and the parties proceeded to trial on Home Construction's remaining cause of action and the defendants' counterclaims. At trial, Home Construction did not present any evidence other than Malo's conclusory testimony to support its claim for the value of the services rendered. Malo testified, without reference to any specifics, that the value of the work performed by Home Construction was fair and reasonable. At the close of Home Construction's case, the court found that Home Construction had failed to establish, prima facie, the elements of quantum meruit and directed dismissal of that remaining cause of action. The trial then proceeded on the defendants' counterclaims, and the defendants offered expert proof regarding work left incomplete by Home Construction; the need to redo defective work performed by Home Construction, including woodwork, roofing, painting, and brickwork; and the costs of such work.

In a decision after trial dated March 11, 2014, as amended April 4, 2014, the Supreme Court rejected the defendants' first counterclaim that Home Construction had willfully exaggerated the mechanic's lien, but found that the defendants had established, on their second counterclaim, their entitlement to damages to complete and redo Home Construction's work, and awarded damages. Home Construction moved pursuant to CPLR 4404 (b), inter alia, to vacate the decision after trial, as amended, and the Supreme Court denied that motion by order entered May 9, 2014. Thereafter, judgment was entered on May 19, 2014. Home Construction appeals.

In reviewing a determination made after a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Michaels v Byung Keun Song*, 138 AD3d 1074, 1074-1075 [2016]).

General Business Law § 771 sets forth a number of requirements for home improvement contracts, including that the contract be evidenced by a writing signed by all the parties to the contract (*see* General Business Law § 771; *Johnson v Robertson*, 131 AD3d 670, 672 [2015]; *Evans-Freke v Showcase Contr. Corp.*, 85 AD3d 961, 962 [2011]). Generally, the absence of an enforceable written agreement between the parties precludes a contractor from recovering for breach of a home improvement contract (*see F & M Gen. Contr. v Oncel*, 132

AD3d 946, 948 [2015]; *Johnson v Robertson*, 131 AD3d at 672; *Frank v Feiss*, 266 AD2d 825, 826 [1999]; *Mindich Devs. v Milstein*, 227 AD2d 536, 536-537 [1996]).

Although a contractor cannot enforce a contract that fails to comply with General Business Law § 771, a contractor may seek to recover based on the equitable theory of quantum meruit (*see Johnson v Robertson*, 131 AD3d at 672; *Evans-Freke v Showcase Contr. Corp.*, 85 AD3d at 962; *Frank v Feiss*, 266 AD2d at 826; *Mindich Devs. v Milstein*, 227 AD2d at 537). "The elements of a cause of action sounding in quantum meruit are (1) performance of services in good faith, (2) acceptance of services by the person to whom they are rendered, (3) expectation of compensation therefor, and (4) reasonable value of the services rendered" (*Evans-Freke v Showcase Contr. Corp.*, 85 AD3d at 962; *see Johnson v Robertson*, 131 AD3d at 672).

Although an unenforceable writing may provide evidence of the value of services rendered in quantum meruit (*see Frank v Feiss*, 266 AD2d at 826; *Taylor & Jennings v Bellino Bros. Constr. Co.*, 106 AD2d 779, 780 [1984]; *see also Evans-Freke v Showcase Contr. Corp.*, 85 AD3d at 963), here, the record is devoid of evidence which would establish the reasonable value of the services Home Construction may have provided to the defendants (*see Michaels v Byung Keun Song*, 138 AD3d at 1075; *see also Crown Constr. Bldrs. & Project Mgrs. Corp. v Chavez*, 130 AD3d 969, 971-972 [2015]; *Geraldi v Melamid*, 212 AD2d 575, 576 [1995]). Neither the unsigned written proposal nor the testimony of Malo established the value of any services undertaken by Home Construction, or that the value of such services exceeded the amounts paid by the defendants. Accordingly, the Supreme Court properly dismissed Home Construction's cause of action to recover in quantum meruit for lack of proof (*see Michaels v Byung Keun Song*, 138 AD3d at 1075).

In contrast, the defendants, on their counterclaim, offered the testimony of experts regarding the cost they expended in completing or repairing roofing, flooring, brickwork, and other aspects of the project as set forth in the architectural plans. The Supreme Court properly concluded that the defendants were entitled to be compensated for the cost of completion of the construction work and the correction of defects in Home Construction's work, and the proper measure of damages is the fair and reasonable market price for correcting the defective installation or completing the construction (*see Bellizzi v Huntley Estates*, 3 NY2d 112, 115 [1957]; *Hodges v Cusanno*, 94 AD3d 1168, 1169 [2012]; *Kaufman v Le Curt Constr. Corp.*, 196 AD2d 577, 578 [1993]).

The parties' remaining contentions either are without merit or have been rendered academic in light of our determination. Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.