Michele A. Gramse, Also Known as Michele A. Laezza-Gramse, Appellant,
against
Courtney Fernandez and C. David, Inc., Respondents.




Michele A. Gramse, appellant pro se.
Courtney Fernandez and C. David, Inc., respondents pro se (no brief filed).

Appeal, on the ground of inadequacy, from a judgment of the District Court of Nassau County, Fourth District (Darlene D. Harris, J.), entered February 26, 2016. The judgment, insofar as appealed from, after a nonjury trial, awarded plaintiff the principal sum of only $1,453.79.




ORDERED that the judgment, insofar as appealed from, is modified by increasing the award in favor of plaintiff to the principal sum of $5,000; as so modified, the judgment, insofar as appealed from, is affirmed, without costs.
Plaintiff commenced this small claims action to recover the principal sum of $5,000, representing an overpayment she had allegedly made to defendants for home improvement work that had been performed pursuant to a written home improvement contract. Defendants interposed a counterclaim seeking to recover the principal sum of $3,591 for additional work that had been performed.
At a nonjury trial, plaintiff testified that she had entered into a written home improvement contract with defendant C. David, Inc. to repair her home, which had been damaged during a hurricane, for the total contract price of $200,850, to be paid in three equal installment payments of $66,950. The evidence established that plaintiff had made all three installment payments, but the last payment, which had been made by means of a check drawn from an escrow disbursement account in the sum of $73,447.79, was $6,497.79 more than what had been due under the written agreement. Plaintiff conceded that there was an additional cost incurred, which had not been reflected in the written contract, in the sum of $1,400 for upgrading the bathroom and the hardwood flooring. Defendants' witness testified that additional work in the sum of $10,088, as reflected in an unsigned memo, had been performed and not paid for, and, thus, plaintiff was not entitled to any refund. Following the trial, the District Court, without making any findings of fact, awarded plaintiff the principal sum of $1,453.79 and dismissed defendants' counterclaim. [*2]Plaintiff appeals, on the ground of inadequacy, from so much of the judgment as awarded her the principal sum of only $1,453.79.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Upon a review of the record, we find that substantial justice (see UDCA 1807) requires that the award to plaintiff be increased to the principal sum of $5,000, the monetary jurisdictional limit of the Small Claims Part of the District Court (see UDCA 1801). Except for the upgrades for the bathroom and hardwood flooring totaling $1,400, which plaintiff conceded had been performed, defendants cannot recover upon a cause of action alleging a breach of a home improvement contract, in the absence of an enforceable written agreement therefor (see General Business Law § 771; Home Constr. Corp. v Beaury, 149 AD3d 699 [2017]). The record is devoid of any evidence establishing that an agreement for the additional work, which defendants claimed had been performed and which was allegedly reflected in an unsigned memo, was ever reduced to a signed written contract. Moreover, defendants never established the reasonable value of these services and, thus, they have not established a right to an offset or a monetary award based upon a theory of quantum meruit (Home Constr. Corp. v Beaury, 149 AD3d at 702), which would reduce plaintiff's right to a refund. 
Accordingly, the judgment, insofar as appealed from, is modified by increasing the amount awarded to plaintiff to the principal sum of $5,000.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 15, 2018