Jaeger v Bellavia (2019 NY Slip Op 03427)





Jaeger v Bellavia


2019 NY Slip Op 03427


Decided on May 2, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 2, 2019

527062

[*1]JAMES A. JAEGER JR., Individually and Doing Business as JAMES JAEGER BUILDERS, Respondent,
v
LEONARD A. BELLAVIA, Appellant.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Bellavia Blatt, PC, Mineola (Carolyn B. George of Friedman, Hirschen & Miller, LLP, Albany, of counsel), for appellant.
John P. Kingsley, Catskill, for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Elliot III, J.), entered October 2, 2017 in Greene County, upon a decision of the court in favor of plaintiff.
In 2012, plaintiff and defendant entered into an oral agreement pursuant to which plaintiff agreed to perform work related to renovation of a house owned by defendant on a time and materials basis. Defendant agreed to pay $50 per hour for labor supplied by defendant and to pay the cost of all materials required for the work. The parties agree that defendant paid plaintiff $14,810.36 for the portion of the work that was completed prior to mid-October 2012. However, a dispute arose after plaintiff subsequently billed defendant $11,750, comprised of $10,150 for 203 hours of worked performed later in October 2012 and $1,600 for 32 hours of work performed in December 2012. Plaintiff commenced this action in October 2014 asserting causes of action for breach of contract and quantum meruit. Defendant answered and asserted counterclaims for trespass and negligence, seeking damages in excess of $25,000 on each counterclaim. Following a nonjury trial, Supreme Court dismissed plaintiff's claim for breach of contract on the basis that there was no written home improvement contract between the parties as required by General Business Law article 36-A, granted judgment to plaintiff for $9,600 on the second cause of action and dismissed defendant's counterclaims. Defendant appeals.
"Although a contractor cannot enforce a contract that fails to comply with General Business Law § 771, a contractor may seek to recover based on the equitable theory of quantum meruit" (Home Constr. Corp. v Beaury, 149 AD3d 699, 702 [2017] [citations omitted]). "To prevail on that cause of action, a party must prove (1) performance of services in good faith, (2) acceptance of the services by the person for whom they were rendered, (3) an expectation of compensation, and (4) the reasonable value of the services performed" (Precision Founds. v Ives, 4 AD3d 589, 591 [2004] [internal quotation marks and citation omitted]). Supreme Court found [*2]that plaintiff established the first three elements, and further determined that plaintiff tendered sufficient proof of the reasonable value of services performed.
Plaintiff testified that defendant asked him to perform additional work in late October 2012 for which he would be paid on an hourly basis. By contrast, defendant testified that he felt that he had been overbilled for the work that plaintiff had previously completed and, therefore, insisted upon a flat-fee agreement, pursuant to which he agreed to pay plaintiff $8,000 to complete three specific tasks — a front entryway, a cupola and a second floor deck. Defendant testified that plaintiff did not complete the agreed-upon work but, rather, unilaterally performed work on the interior of the home that defendant had not requested. Notably, plaintiff submitted no evidence regarding the work that he alleges was completed in October. As aptly recognized by Supreme Court, plaintiff did not specifically describe the work that he alleged was completed during this time period, but only confirmed in his testimony that he performed the work set forth on the invoice that had been admitted into evidence. However, the invoice only itemized the hours that each worker spent at defendant's address; it contained no description of the tasks that were performed or the work that was completed in October. Absent evidence of the work that was completed, it is not possible to determine either (1) the reasonable value of the services that were performed or (2) whether plaintiff completed the work that defendant alleged was to be performed pursuant to the fixed-price agreement. Accordingly, plaintiff failed to establish his entitlement to recover in quantum meruit for the work that was performed in October and, therefore, Supreme Court erred in awarding plaintiff $8,000 for performing that work.
With respect to the work that was performed in December 2012, the record establishes that defendant requested that plaintiff complete work on the kitchen by Christmas, and the invoice contained both an itemization of the hours spent performing the work and a description of the tasks that were completed. This evidence was sufficient to support Supreme Court's determination that plaintiff was entitled to recover $1,600 in quantum meruit for the reasonable value of the services performed in December. The parties' remaining contentions have been examined and found to lack merit.
Egan Jr., J.P., Devine and Aarons, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reducing the damages awarded to plaintiff to $1,600, and, as so modified, affirmed.