Grey's Woodworks, Inc. v Witte (2019 NY Slip Op 04525)





Grey's Woodworks, Inc. v Witte


2019 NY Slip Op 04525


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

527379

[*1]GREY'S WOODWORKS, INC., Respondent- Appellant,
v
JAN WITTE et al., Appellants- Respondents.

Calendar Date: April 23, 2019

Before: Garry, P.J., Egan Jr., Clark, Mulvey and Pritzker, JJ.


Hegge & Confusione, LLC, Mullica Hill, New Jersey (Michael Confusione of counsel), for appellants-respondents.
Drew Davidoff & Edwards, Monticello (Brian T. Edwards of counsel), for respondent-appellant.



MEMORANDUM AND ORDER
Pritzker, J.
Cross appeals from an order of the Supreme Court (McNally Jr., J.), entered April 16, 2018 in Sullivan County, upon a decision of the court partially in favor of plaintiff.
In November 2008, plaintiff and defendants entered into a written agreement for the construction of the foundation and home shell on defendants' real property in the Town of Wallkill, Orange County. Defendants were shown another home allegedly built by plaintiff, and defendants wanted that exact home built on their property. Construction on the home began in September 2009 and the project was completed in January 2010. The total contract price was $173,033, with a final payment of $38,943 due at the completion of the construction. Defendants refused to pay the final balance asserting, among other things, that the home was lacking features that had been contracted for and the home was not built up to code. Plaintiff commenced this action for breach of contract, unjust enrichment and quantum meruit. Defendants answered, raising multiple affirmative defenses and asserting counterclaims for fraud, breach of contract, violations of the General Business Law and unjust enrichment. The parties stipulated to the introduction of various pieces of evidence, which constituted plaintiff's prima facie case for breach of contract, and agreed that defendants would put on their case first, after which plaintiff would have the opportunity for rebuttal. At trial, one witness testified on behalf of defendants and the remaining trial testimony was submitted via an affidavit. Supreme Court dismissed the breach of contract claims of both parties, but found in favor of plaintiff on the theory of quantum meruit, granting judgment to plaintiff in the amount of $25,892. This appeal and cross appeal ensued.
We turn first to plaintiff's cross appeal, the sole contention of which is that Supreme Court erred in dismissing its breach of contract claim. We disagree. Supreme Court found that the contract at issue was "little more than a quote for materials" as it failed to include numerous [*2]statutorily required provisions and notices (see General Business Law § 771 [1] [b], [d], [e], [f], [g], [h]). As "a contractor cannot enforce a contract that fails to comply with General Business Law § 771" (Home Constr. Corp. v Beaury, 149 AD3d 699, 702 [2017]; see Harter v Krause, 250 AD2d 984, 986-987 [1998]), the court properly dismissed plaintiff's breach of contract claim.
Turning now to defendants' appeal, they initially argue that Supreme Court erred in dismissing their breach of contract counterclaim. We agree. As with plaintiff, the court dismissed defendants' breach of contract claim due to their failure to comply with General Business Law § 771. However, this statute does not bar recovery by a homeowner against a contractor (see generally Home Constr. Corp. v Beaury, 149 AD3d at 702)[FN1]. As such, Supreme Court erred in dismissing this counterclaim, and the matter must be remitted for Supreme Court to decide said claim on the evidence already presented, and, if defendants prevail, to assess damages.
Defendants next assert that Supreme Court erred in granting plaintiff's quantum meruit claim. Initially, plaintiff's failure to comply with General Business Law § 771 does not bar its claim for quantum meruit recovery (see Home Constr. Corp. v Beaury, 149 AD3d at 702; Harter v Krause, 250 AD2d at 986-987). "The elements of a cause of action sounding in quantum meruit are (1) performance of services in good faith, (2) acceptance of services by the person to whom they are rendered, (3) expectation of compensation therefor, and (4) reasonable value of the services rendered" (Home Constr. Corp. v Beaury, 149 AD3d at 702 [internal quotation marks and citation omitted]; see Malta Props. 1, LLC v Town of Malta, 143 AD3d 1142, 1144 [2016]). Defendants' argument centers around plaintiff's failure to establish the fourth element. In its decision, the court stated that, "[a]lthough there was no direct evidence presented regarding the reasonable value of the work performed, the parties' agreement can furnish evidence of such value." We discern no error in the court so holding, as "an unenforceable writing may provide evidence of the value of services rendered in quantum meruit" (Home Constr. Corp. v Beaury, 149 AD3d at 702; see Frank v Feiss, 266 AD2d 825, 826 [1999]).
However, if defendants prove that plaintiff breached the contract, plaintiff can only recover in quantum meruit if Supreme Court finds that it did not substantially breach the contract (see Mayfair Kitchen Ctr. v Nigro, 139 AD2d 885, 886 [1988]; Van Deloo v Moreland, 84 AD2d 871, 871 [1981]). As Supreme Court improperly dismissed defendants' breach of contract counterclaim, it did not reach this issue. Therefore, on remittal, should the court find that plaintiff breached the contract, it must then also decide if the breach was substantial, and, if so, plaintiff is precluded from recovering in quantum meruit (see Van Deloo v Moreland, 84 AD2d at 871). Conversely, if the court finds that plaintiff's breach of contract was not substantial, plaintiff is not precluded from quantum meruit recovery, and the damages due to defendants for plaintiff's breach of the contract must be offset by plaintiff's award (see Mayfair Kitchen Ctr. v Nigro, 139 AD2d at 887)[FN2]. Defendants' remaining contention that plaintiff is precluded from quantum meruit recovery because it was not a licensed contractor is unpreserved as it was not raised in Supreme Court (see Glasso v Cobleskill Stone Prods., Inc., 169 AD3d 1344, 1347 [2019]).
Garry, P.J., Egan Jr., Clark and Mulvey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed defendants' counterclaim for breach of contract; matter remitted to the [*3]Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: Barring such recovery would incentivize home improvement contractors to completely disregard this statute and avoid liability on breach of contract claims brought by aggrieved homeowners, thwarting the intent of this consumer legislation.

Footnote 2: Should this deduction occur, it would account for any diminishment in value that defendant's argue on appeal is not accounted for in Supreme Court's quantum meruit damages award.