Schott v Lucatelli (2025 NY Slip Op 03616)

Schott v Lucatelli

2025 NY Slip Op 03616

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CV-24-0833
[*1]David Schott, Respondent,
v
Gina Lucatelli, Appellant.

Calendar Date:April 23, 2025

Before:Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Miller Mayer, LLP, Ithaca (Anthony N. Elia III of counsel), for appellant.
Crossmore & Tiffany, Ithaca (Edward Y. Crossmore of counsel), for respondent.

Clark, J.P.
Appeals from an order and a judgment of the Supreme Court (Mark Masler, J.), entered April 16, 2024 and April 23, 2024 in Tompkins County, upon a decision of the court in favor of plaintiff.
Plaintiff and defendant are part of the same extended family [FN1] and have known each other for approximately 50 years. In 2017, defendant asked plaintiff to build her a home in the Town of Ulysses, Tompkins County. Although plaintiff agreed to do so, the parties did not enter into a written contract. Construction began in 2018 but had not been completed as of January 2020, when a dispute arose between the parties regarding the growing cost of the construction project. Plaintiff went to Florida in January 2020 and, when he returned in April 2020, he discovered that defendant had changed the locks to the unfinished home, preventing him from completing construction. Thereafter, plaintiff commenced the instant action alleging that defendant had failed to pay him for work performed from May 2019 through January 2020 and seeking said compensation. Defendant joined issue and asserted various counterclaims alleging, among other things, breach of contract. Following a nonjury trial, Supreme Court found that, pursuant to a quantum meruit theory, plaintiff had established that the prima facie reasonable value of his services was $43,400. The court also found that defendant had failed to establish the existence of a contract and dismissed her counterclaim. However, as defendant had proffered sufficient evidence to establish that some of plaintiff's work was defective, the court reduced his award by $12,750. The court also granted plaintiff prejudgment interest at the statutory rate from the date that defendant prevented plaintiff from completing construction. Supreme Court then awarded plaintiff a judgment against defendant. Defendant appeals from the order and the judgment.[FN2]
"When reviewing a nonjury verdict, we independently review the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record while according due deference to the trial court's factual findings and credibility determinations" (Zwack v Hunt, 232 AD3d 1159, 1160 [3d Dept 2024] [internal quotation marks and citations omitted]; see Harris v Reagan, 221 AD3d 1069, 1071-1072 [3d Dept 2023]). A contractor who, as here, fails to establish the existence of a written contract compliant with General Business Law § 771 may not recover for breach of contract (see White Knight Constr. Contrs., LLC v Haugh, 216 AD3d 1345, 1347 [3d Dept 2023]; LaPenna Contr., Ltd. v Mullen, 187 AD3d 1451, 1452-1453 [3d Dept 2020]). Even under such circumstances, however, a contractor may "seek to recover based upon the equitable theory of quantum meruit by demonstrating the (1) performance of services in good faith, (2) acceptance of services by the person to whom they are rendered, (3) expectation of compensation therefor, and (4) reasonable value [*2]of the services rendered" (Murray v Bickerton, 225 AD3d 1086, 1087 [3d Dept 2024] [internal quotation marks and citations omitted], lv dismissed 42 NY3d 967 [2024]; see Jaeger v Bellavia, 172 AD3d 1501, 1501-1502 [3d Dept 2019]). Inasmuch as defendant poses no arguments regarding the first three elements — and the record evidence reflects that those elements have been satisfied — our discussion centers on whether plaintiff sufficiently established the reasonable value of the services rendered (see Thomas J. Hayes & Assoc., LLC v Brodsky, 101 AD3d 1560, 1561 [3d Dept 2012], lv denied 21 NY3d 851 [2013]).
Here, the record shows that plaintiff was not a professional contractor, but he had built a few homes. Defendant had seen those homes and liked them, so she asked plaintiff to build a home for her. Due to their familial relationship, the parties did not enter into a written agreement; rather, defendant deposited funds totaling $250,000 into an account that plaintiff could access to pay for construction materials and labor costs for himself and other workers. Plaintiff obtained the necessary permits and began construction around June 2018. As plaintiff spent winters in Florida, construction was halted during those months. Plaintiff resumed construction in May 2019; by January 2020, plaintiff had worked 31 weeks, working at least 40 hours per week. It is uncontroverted that plaintiff was paid for the work he performed in 2018 but was not paid for any work performed thereafter. According to plaintiff, at some point in 2019, the available funds were running low, so he prioritized paying for materials and the labor of others, agreeing to postpone paying himself until defendant received the proceeds from the upcoming sale of a family cottage. Before traveling to Florida in January 2020, plaintiff provided defendant a handwritten summary of the work he had performed, with the sum due to him as of that date. When plaintiff returned in April 2020, he discovered that defendant had locked him out of the unfinished home and hired someone else to complete construction, so he provided her with an invoice for his unpaid work.
As defendant notes, plaintiff would be unable to recover under a quantum meruit theory if his claim was solely premised on an invoice that "contained no description of the tasks that were performed or the work that was completed" (Jaeger v Bellavia, 172 AD3d at 1502). That is not the case here. While the April 2020 invoice provided minimal description of the work performed, plaintiff provided significant testimony regarding the scope of the work he performed between May 2019 and January 2020. Deferring to Supreme Court's credibility determinations, the record reflects that, during that time, plaintiff finished the exterior siding for the home, performed electrical work and installed a well, roof insulation, plumbing, lighting fixtures and drywall, among other things. Such a finding was further corroborated by photographs depicting the work [*3]performed and by the testimony of plaintiff's wife and brother, both of whom assisted with various aspects of the construction (see Murray v Bickerton, 225 AD3d at 1088; Jaeger v Bellavia, 172 AD3d at 1502; Douglas Constr. of Fulton County v Marcais, 239 AD2d 803, 804 [3d Dept 1997]; Clark v Torian, 214 AD2d 938, 938 [3d Dept 1995]). Additionally, considering the higher rates charged by the professional construction trade witnesses, we are satisfied that $35 per hour reflects the reasonable value of plaintiff's work (see Thomas J. Hayes & Assoc., LLC v Brodsky, 101 AD3d at 1562-1563; Frank v Feiss, 266 AD2d 825, 826 [4th Dept 1999]; compare Home Constr. Corp. v Beaury, 149 AD3d 699, 702 [2d Dept 2017]; Michaels v Byung Keun Song, 138 AD3d 1074, 1075 [2d Dept 2016]). Under these circumstances, we find that Supreme Court properly calculated the reasonable value of plaintiff's work.[FN3]
We also reject defendant's request that we reverse the grant of prejudgment interest at the statutory rate, as our review of the record does not reveal any appropriate basis to do so (see CPLR 5001 [a]). While the theory of quantum meruit is an equitable one, its nature remains quasi-contractual (see e.g. Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC, 201 AD3d 1183, 1185 [3d Dept 2022]; cf. McDermott v City of New York, 50 NY2d 211, 217 n 2 [1980]). Our case law conflicts on whether quantum meruit awards stem from an action at law and are thus entitled to mandatory prejudgment interest, or whether they are instead equitable actions, thus leaving the determination of prejudgment interest to the sound discretion of the trial court (see CPLR 5001 [a]; Buckley v Sheridan, 85 Misc 3d 327, 329-330 [Sup Ct, Greene County 2024]; compare Ogletree, Deakins, Nash, Smoak & Stewart v Albany Steel, 243 AD2d 877, 879 [3d Dept 1997], with Precision Founds. v Ives, 4 AD3d 589, 593 [3d Dept 2004]). Further, although the First and Second Departments have both found that prejudgment interest on quantum meruit awards is mandatory (see Marin v Constitutional Realty, LLC, 161 AD3d 538, 539 [1st Dept 2018], lv denied 32 NY3d 911 [2018]; Tesser v Allboro Equip. Co., 73 AD3d 1023, 1027 [2d Dept 2010]), the question remains open in the Fourth Department (compare TY Elec. Corp. v DelMonte, 101 AD3d 1626, 1626 [4th Dept 2012], with Crane-Hogan Structural Sys., Inc. v State of New York, 88 AD3d 1258, 1262 [4th Dept 2011]). Under the facts presented herein, we would uphold the prejudgment interest award regardless of which standard we apply. Thus, inasmuch as deciding this appeal does not turn on resolving said conflict — and the parties do not call on us to do so — we decline to address it.
To the extent not expressly addressed herein, defendant's remaining contentions have been considered and found to lack merit.
Aarons, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order and the judgment are affirmed, with costs.

Footnotes

Footnote 1: Plaintiff's wife is defendant's cousin.

Footnote 2: Through her appellate brief, defendant expressly abandoned any challenge to Supreme Court's dismissal of her counterclaims and to the court's adverse findings relating to the alleged construction defects (see Matter of Gonzalez v Annucci, 171 AD3d 1265, 1266 [3d Dept 2019]; Hufstader v Friedman & Molinsek, P.C., 150 AD3d 1489, 1489 n 1 [3d Dept 2017]).

Footnote 3: Although not challenged herein, Supreme Court properly deducted the cost of correcting certain defects in plaintiff's work from his quantum meruit award (see e.g. Murray v Bickerton, 225 AD3d at 1088; Home Constr. Corp. v Beaury, 149 AD3d at 702).