■ BRUCE A. TALLINI, Appellant, v BUSINESS AIR, INC., Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Travers, J.), entered February 29, 1988 in Rensselaer County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a resident of Bridgeport, Connecticut, was employed as a director of marketing for Richmore Aviation in Bridgeport, earning approximately $40,000 annually plus commissions. In February 1984, he answered defendant's advertisement in the Wall Street Journal for the position of vice-

president of sales. Plaintiff was interviewed twice by Daniel Corey, defendant's president, in Bennington, Vermont, defendant's location.

Approximately 10 days after plaintiff and defendant agreed to the terms and conditions of employment in late February or early March 1984, plaintiff began his first day of work. There is no dispute that the term of employment was to last one year. The agreement was oral and never reduced to writing. Plaintiff claims that the agreement included an annual salary of $38,000, commissions, a bonus, full expenses and a share of ownership in defendant. Defendant admits that plaintiff was to receive a set salary but denies any agreement concerning commissions, a bonus and shares of ownership in the company. Defendant also admitted that it agreed to pay certain expenses relating to plaintiff's move to the Village of Hoosick Falls in Rensselaer County, but said those bills were never presented to it. Plaintiff's employment was terminated by defendant on August 6, 1984. Subsequently, plaintiff commenced this action for (1) breach of express contract, (2) breach of implied contract, (3) unjust enrichment, (4) the tort of unjust or unlawful dismissal or wrongful discharge, and (5) the tort of intentional infliction of economic harm.

In its answer defendant asserted as affirmative defenses that (1) the causes of action were barred by the Statute of Frauds because the contract could not be performed within a year and was not in writing, and (2) plaintiff's failure to perform breached the contract. After plaintiff was examined before trial and the bill of particulars served, defendant moved for summary judgment. Supreme Court found that the oral contract was for more than a year and subject to the Statute of Frauds (General Obligations Law § 5-701 [a] [1]). The court therefore granted summary judgment in favor of defendant and dismissed the complaint. This appeal by plaintiff ensued.

On appeal plaintiff contends that Supreme Court erred in granting summary judgment to defendant because defendant admitted the existence of an oral employment agreement. Relying primarily on *Cohon & Co. v Russell* (23 NY2d 569, 574), plaintiff argues that admissions by defendant remove the oral contract from the Statute of Frauds requirement that it be in writing.

We reject plaintiff's argument that defendant's admission that an employment contract existed between the parties takes the oral agreement out of the Statute of Frauds requirement that a contract not to be performed within a year must

be in writing (General Obligations Law § 5-701 [a] [1]). Essential terms of the contract are not admitted and are in dispute. Defendant denies that the parties agreed to payment of any commissions, a bonus, shares of ownership in defendant and full moving expenses. In its answer defendant admitted that plaintiff was to be paid wages but denied the amount was the $38,000 alleged in the complaint. This is not the same situation as existed in *Cohon & Co. v Russell (supra)*, where the writing identified the parties to the contract, the subject matter of the contract and established that the plaintiff in fact performed *(supra,* at 574). While the Court of Appeals there held that "[m]anifestly, the memorandum herein is sufficient to meet the requirements of the Statute of Frauds" *(supra,* at 575), it continued: "We specifically note that in reaching this conclusion we do no violence to the well-established rule that in a contract action a memorandum sufficient to meet the requirements of the Statute of Frauds must contain expressly or by reasonable implication *all the material terms of the agreement,* including the rate of compensation if there has been agreement on that matter" *(supra,* at 575 [emphasis supplied]).

Nor does *Manhattan Fuel Co. v New England Petroleum Corp.* (422 F Supp 797, 801, *adhered to* 439 F Supp 959, *affd* 578 F2d 1368), also relied on by plaintiff, control here. There it was held that an ambiguity in one of the terms of a written agreement "admittedly made" could be resolved by parol evidence without defeating the sufficiency of the writing for purposes of satisfying the Statute of Frauds *(supra,* at 801). Essential terms were not missing in *Manhattan Fuel Co.* as they are here *(see, Ginsberg Mach. Co. v J. & H. Label Processing Corp.,* 341 F2d 825; *Lauter v W & J Sloane,* 417 F Supp 252; *Kobre v Instrument Sys. Corp.,* 54 AD2d 625, *affd* 43 NY2d 862). Accordingly, Supreme Court properly concluded that the Statute of Frauds barred plaintiff's cause of action for breach of contract.

Supreme Court correctly held that since the oral contract was made in advance of the date plaintiff's employment was to commence and was to be performed for one full year thereafter, the agreement was covered by the Statute of Frauds (General Obligations Law § 5-701 [a] [1]; *see, Hanan v Corning Glass Works,* 35 AD2d 697; *see also, Zupan v Blumberg,* 2 NY2d 547, 552; *Rosen v Greenfield Co.,* 25 AD2d 802, 803). Finally, plaintiff's claim that he was denied commissions which he was entitled to under a theory of unjust enrichment

depends on proof of the oral contract and therefore is also barred by the Statute of Frauds.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.