IRWIN SATER, Respondent-Appellant, v WYCKOFF HEIGHTS HOSPITAL et al., Appellants-Respondents. [643 NYS2d 664]

The plaintiff's causes of action alleging breach of an oral employment contract should have been dismissed since the purported oral agreement contravenes the requirement that a contract to perform services for a medical facility which has been issued an operating certificate or certificate of approval be in writing and contain certain specified provisions, including "financial arrangements and charges" (10 NYCRR 400.4 [a] [2]; *see, Weir Metro Ambu-Serv. v Turner,* 57 NY2d 911). To the extent the plaintiff seeks to recover in quantum meruit and for unjust enrichment, fraud, and negligent misrepresentation, those claims, which are based on the alleged oral agreement, must also be dismissed (*see, Tallini v Business Air,* 148 AD2d 828, 830-831; *Lilling v Slauenwhite,* 145 AD2d 471, 472; *Club Chain v Christopher & Seventh Gourmet,* 74 AD2d 277, 284-285). Further, because there is no valid and enforceable

contract, the plaintiff has no cause of action to recover damages for tortious interference with contractual relations (see, Durante Bros. Constr. Corp. v College Point Sports Assn., 207 AD2d 379).

The allegedly libelous statements made by the defendant Steven F. Gass were either true or were nonactionable expressions of opinion, clearly understood as such by the individuals to whom the statements were addressed. Therefore, summary judgment should have been granted to the Gass defendants dismissing the plaintiff's libel claim (see, Immuno AG. v Moor-Jankowski, 77 NY2d 235, cert denied 500 US 954).

The court properly denied the plaintiff's cross motion for leave to amend the complaint inasmuch as the proposed amendment was " 'patently lacking in merit' " (see, Kaplansky v Kaplansky, 212 AD2d 667, 668). Thompson, J. P., Altman, Goldstein and McGinity, JJ., concur.