■ ABSHER CONSTRUCTION CORP., Respondent, v FRED COLIN, Doing Business as COLIN MANAGEMENT, et al., Appellants. [649 NYS2d 174] —In an action to recover damages in quantum meruit, for breach of contract, and for unjust enrichment, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), entered September 27, 1995, as denied those branches of their motion which were for summary judgment dismissing the second and third causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the defendants' mo-

tion which were for summary judgment dismissing the second and third causes of action are granted, and the complaint is dismissed in its entirety.

In the absence of any agreement between the parties, the plaintiff provided the defendants with a detailed cost analysis for proposed construction on property which they owned and managed, in the event that they succeeded in leasing it to Barnes & Noble, Inc., for occupancy as a retail bookstore.

Upon the defendants' motion for summary judgment, the Supreme Court dismissed the first cause of action sounding in breach of contract, from which there is no cross appeal. Those branches of the motion which addressed the second and third causes of action sounding in quasi contract seeking damages based upon quantum meruit and unjust enrichment were denied. We conclude that the Supreme Court erred in failing to dismiss the complaint in its entirety.

There is no triable issue of fact as to whether the plaintiff performed services with any expectation that it would be compensated. Therefore, it is not entitled to damages in quantum meruit (see, Sands v Ge-Ray Fabrics, 203 AD2d 96; Moors v Hall, 143 AD2d 336). Rather, it is apparent that the plaintiff prepared the cost analysis based upon the hope that it would be awarded the contract to perform the construction work. Any work was merely preparatory to performance, and therefore could not constitute the basis for restitution based upon unjust enrichment (see, Farash v Sykes Datatronics, 59 NY2d 500, 506).

Further, the plaintiff's submissions fail to include calculations of the reasonable value of its services (see, Geraldi v Melamid, 212 AD2d 575; Collins Tuttle & Co. v Leucadia, Inc., 153 AD2d 526). Moreover, there is nothing in the record, other than the plaintiff's conclusory assertions, to support its claim that the defendants derived any benefit from the plaintiff's work (see, Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 422, amended 31 NY2d 678, cert denied 414 US 829).

Accordingly, the plaintiff's complaint is dismissed in its entirety. Thompson, J. P., Pizzuto, Goldstein and Luciano, JJ., concur.