In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4108

Richard N. Abrams,

Plaintiff-Appellant,

v.

Unity Mutual Life Insurance Co.,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 3182--Ruben Castillo, Judge.


Argued October 25, 2000--Decided January 18, 2001


   Before Bauer, Coffey, and Diane P. Wood, Circuit
Judges.

   Diane P. Wood, Circuit Judge.  In the funeral
business, the term "preneed" insurance refers to
a product that a person may buy to provide in
advance for funeral and burial expenses. Richard
Abrams, who owned a number of funeral businesses,
had some expertise in this kind of preneed life
insurance. Unity Mutual Life Insurance (Unity)
was interested in moving into the preneed market
and decided to use Abrams as its general agent.
Although the parties never entered into a written
contract, Abrams provided several services to
Unity in connection with various preneed
products. The relationship soured, however, in
1997, over a dispute relating to Unity's
compensation for Abrams's services. Abrams
eventually sued Unity under several contract
theories, but the district court granted summary
judgment in Unity's favor on all of his claims.
Abrams now appeals only the grant of summary
judgment on his unjust enrichment claim. We
affirm.

I
   In 1991, Abrams and Unity began discussing the
possibility of a business arrangement in which
Abrams would become a general agent for Unity,
helping Unity develop and market its first
preneed insurance program. In return, Abrams was
to receive commission payments in an amount equal

to a percentage of preneed products ultimately sold. The parties' discussions led to a series of six draft agreements, but no formal agreement was ever signed. Nevertheless, Abrams kept working for Unity, based on a "handshake" agreement and an oral promise from Unity employee Shirley Cruickshank that, although the contract negotiations were "getting cumbersome," Abrams would receive commission payments for his services.

Abrams claims that between 1991 and 1997, he developed and marketed preneed insurance products for Unity and also trained Unity's employees and agents on selling the products. These efforts were significant in scope. Abrams asserted that he introduced Unity's product to about 12,000 funeral homes by including a reference to Unity in a newsletter he regularly sent out. He also mentioned Unity a few times in a regular column he wrote in a trade publication. Notwithstanding these efforts, however, sales of Unity's preneed insurance products were not as high as anticipated, and Unity terminated its relationship with Abrams in 1997.

Abrams then brought this lawsuit under the federal courts' diversity jurisdiction, alleging that Unity owed him commissions for the sales of all insurance polices resulting from his efforts under the putative oral agreement. He relied upon theories of breach of contract, promissory estoppel, and unjust enrichment and sought damages in excess of $75,000.

Abrams's first complaint was dismissed without prejudice because it did not meet the particularity requirement of Fed. Rule Civ. Pro. 12(e). Abrams then filed a first amended complaint. Unity responded by taking Abrams's deposition and promptly thereafter moving for summary judgment. The court agreed that this was the proper disposition of the case and granted summary judgment on all counts, finding that there was no signed written agreement and that any oral agreement violated New York's Statute of Frauds. (The district court decided that New York law applied, following the "most significant contacts" test of the Second Restatement of Conflicts that would be used in an Illinois court. See Ingersoll v. Klein, 262 N.E.2d 593, 596 (Ill. 1970). Abrams has not contested this decision on appeal.) The promissory estoppel claim failed because Abrams could show neither a clear and unambiguous promise by Unity nor unconscionable injury resulting from Unity's actions. Most relevant to this appeal, the court held that the unjust enrichment claim was an improper effort to circumvent the Statute of Frauds.

II

We review the district court's grant of summary judgment de novo. Doe v. Howe Military School, 227 F.3d 981, 990 (7th Cir. 2000). Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions, and affidavits leave no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The district court concluded that the unjust enrichment claim was based on an unenforceable underlying contract and thus was an impermissible attempt to circumvent New York's Statute of Frauds, N.Y. Gen. Oblig. Law sec. 5-701(a)(1). Abrams has not appealed the district court's finding that the underlying oral contract between himself and Unity was unenforceable as a violation of New York's Statute of Frauds. He challenges only the district court's dismissal of the unjust enrichment claim.

The existence of an enforceable contract is not a prerequisite for a claim for unjust enrichment when a plaintiff is seeking payment for services that he has provided to the defendant. See Farash v. Sykes Datatronics, Inc., 452 N.E.2d 1245, 1247 (N.Y. 1983); Bradkin v. Leverton, 257 N.E.2d 643, 645 (N.Y. 1970). Nevertheless, such a claim may be barred if it is based on the same promise and seeks the same relief as an otherwise barred contract claim. See Sater v. Wyckoff Heights Hospital, 643 N.Y.S.2d 664, 665 (N.Y. App. Div. 1996) ("To the extent the plaintiff seeks to recover . . . for unjust enrichment . . . those claims, which are based on the alleged oral agreement, must also be dismissed."); American-European Art Assoc., Inc. v. Trend Galleries, Inc., 641 N.Y.S.2d 835, 836 (N.Y. App. Div. 1996) ("[P]laintiffs may not utilize a quantum meruit theory of recovery to circumvent the Statute of Frauds").

For our purposes, the relevant question is whether Abrams's unjust enrichment claim is sufficiently distinct from the underlying contract claims to permit him to go forward with it, or if instead it falls under the rule articulated in cases like Sater. Abrams's case might have been stronger if he had detailed the particulars of the services he claimed to have provided to Unity, including the number of hours and the reasonable value of the services, because this would have clarified both the difference between the basis of the unjust enrichment claim and the basis of the contract claims and the difference between the recovery for the unjust

enrichment claim and a contract recovery. But Abrams offered no such particulars, either in his first amended complaint or in his response to Unity's summary judgment motion, even after Unity complained that the unjust enrichment claim was an effort to evade the Statute of Frauds. Abrams only provided a vague list of services that he performed for Unity, including training Unity employees on selling preneed insurance, introducing Unity to several insurance agents and brokers, visiting funeral homes on Unity's behalf, preparing a newsletter sent to funeral homes, and developing a marketing and distribution system. He does not tell us how many hours he spent working for Unity. He does not tell us the reasonable value of those services; nor does he point to any document in the record from which a court could glean such facts.

Instead, Abrams relied on the commissions structure discussed by the parties as a basis for determining the reasonable value of his services. Herein lies the fatal flaw in his claim. By asking us to look to the alleged contract to demonstrate the value of his services, he depends on proof of either an unenforceable oral contract or unenforceable written draft agreements. (We presume he is suggesting that he receive commissions on the sales Unity entered into over the years he was providing services, but not even this is clear; he may be asserting a claim to commissions on all sales of preneed contracts to funeral homes Unity learned about through his efforts--perhaps for all eternity--and it is hard if not impossible to distinguish this claim from his contract claim.) If we were to give him the relief he seeks, i.e., the commissions, we would be enforcing the oral agreement and circumventing the Statute of Frauds. Such a result is clearly barred by New York law. See Tallini v. Business Air, Inc., 538 N.Y.S.2d 664, 666 (N.Y. App. Div. 1989) ("[P]laintiff's claim that he was denied commissions which he was entitled to under a theory of unjust enrichment depends on proof of the oral contract and therefore is also barred by the Statute of Frauds."). Abrams's unjust enrichment claim is, in effect, indistinguishable from his claim for breach of contract. Sadly enough for Abrams, the parties never entered an enforceable agreement regarding the commissions, and the Statute of Frauds makes "handshake" agreements of the kind he had worthless. On the facts presented here, Abrams cannot recover the commissions either through a breach of contract claim or as an indirect way of proving the value of his services for an unjust enrichment claim.

As a side note, the lack of specific evidence also precludes a court from determining whether any of Abrams's services were provided in order

to prepare for a future contract or to advance Abrams's own economic interests. Many of the activities which Abrams alleges were done to benefit Unity were also the type of activities that he engaged in as a part of his regular work activities, such as contacting funeral homes, making sales calls, and attending conventions. Unjust enrichment damages are not available for activities that are simply preparatory to performance, see Absher Constr. Corp. v. Colin, 649 N.Y.S.2d 174, 175 (N.Y. App. Div. 1996), or activities that otherwise further the plaintiff's own economic interests. See Songbird Jet, Ltd. v. Amax, Inc., 581 F. Supp. 912, 926-27 (S.D.N.Y. 1984).

Finally, even if New York would recognize this kind of unjust enrichment claim in principle, Abrams would still lose because he failed to meet his burden to establish one of the key elements of the claim--the reasonable value of his services. See Singerman v. Reyes, 659 N.Y.S.2d 762, 763 (N.Y. App. Div. 1997); Geraldi v. Melamid, 622 N.Y.S.2d 742, 743 (N.Y. App. Div. 1995). Once Unity moved for summary judgment, the burden shifted to Abrams to establish that there was "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Although we must view the evidence in a way most favorable to the nonmoving party, a nonmoving party cannot survive summary judgment without pointing to evidence that, if believed by the trier of fact, would support a verdict in its favor. Even though the question whether a defendant has been enriched, and how much, is usually a question of fact, Abrams simply has not provided any information regarding the services he provided and their value. This amounts to a failure to meet his summary judgment burden on a critical element of his claim, and thus independently supports the district court's decision.

Because Abrams's unjust enrichment claim depends on proof of an unenforceable contract, it is barred by the Statute of Frauds. Furthermore, Abrams did not produce the evidence necessary to create a genuine issue of fact on the question of the value of his services for unjust enrichment purposes. For both of these reasons, we AFFIRM the judgment of the district court.