■ TEACHERS INSURANCE ANNUITY ASSOCIATION OF AMERICA et al., Respondents, v COHEN's FASHION OPTICAL OF 485 LEXINGTON AVENUE, INC. et al., Appellants, et al., Defendants. [847 NYS2d 2]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered January 5, 2007, which, insofar as appealed from, denied defendants' motion to dismiss the first and second causes of action seeking to pierce the corporate veil; denied defendants'· motion to dismiss the fourth cause of action insofar as it alleges

de facto merger liability against defendant Cohen Fashion Optical, Inc.'s franchisee and against Cohen's Fashion Optical of 500 Lexington Avenue, Inc.; denied defendants' motion for summary judgment dismissing the complaint; and granted plaintiffs' cross motion to amend the complaint so as to add additional parties, amend the fourth cause of action and add the proposed seventh cause of action for fraud, unanimously modified, on the law, to deny plaintiffs' cross motion insofar as it seeks to add the proposed seventh cause of action for fraud, and otherwise affirmed, without costs.

The court correctly denied defendants' motion to dismiss plaintiffs' first and second cause of action seeking to pierce the corporate veil of defendant Cohen's Fashion Optical of 485 Lexington Avenue, Inc. (C-485) and hold the corporate parent, Cohen Fashion Optical, Inc. (C-Parent), liable for the breach of lease. In order to pierce the corporate veil, plaintiffs must show that (1) C-Parent exercised complete domination and control with respect to the transaction attacked, and (2) such domination was used to commit a fraud or wrong against them (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 141 [1993]). Here, plaintiffs allege that C-Parent negotiated the lease on behalf of C-485 as tenant, while holding itself out as the real party in interest, and, in direct violation of the lease and without any disclosure to plaintiff landlord, installed a franchisee to operate the business, leaving a judgment-proof C-485 an empty shell with no assets. This is sufficient to state a claim to pierce the corporate veil (*see CC Ming [USA] Ltd. Partnership v Champagne Video*, 232 AD2d 202 [1996]; *Fern, Inc. v Adjmi*, 197 AD2d 444 [1994]; *Ventresca Realty Corp. v Houlihan*, 41 AD3d 707 [2007]).

The court also correctly denied defendants' motion for summary judgment on these claims. Defendants' evidence does not conclusively establish that plaintiffs knew or should have known that C-485 was an empty shell against which they would have no recourse. The documentary evidence submitted by defendants actually lends some support to plaintiffs' position that C-Parent deliberately concealed this arrangement. Also, the affidavit of C-Parent's president, that he orally informed some unknown person at plaintiffs' predecessor of this arrangement, in direct violation of the express, written terms of the lease, is insufficient to grant defendants summary judgment.

The court also correctly sustained plaintiffs' claim against Cohen's Fashion Optical of 500 Lexington Avenue, Inc. (C-500) ·and Cohen's Fashion Optical of 47th Street, Inc. (the franchisee) under the continuity of business or de facto merger doctrine.

Plaintiffs allege, essentially, that the business of C-485, conducted at the premises under the subject lease, was closed and moved across the street, including all assets, necessary liabilities for the uninterrupted continuation of the business, management, personnel and ownership, leaving C-485 an empty, judgment-proof shell to avoid liability under the lease. This is sufficient to state a claim under this theory (*see Matter of New York City Asbestos Litig.*, 15 AD3d 254, 256 [2005]). Defendants' assertion that C-485 never had any assets and never operated the business, and that the franchisee operated the business at the premises under the C-485 lease, such that there could not have been any continuation of any business of C-485, is unavailing. The franchise agreement and sublease, neither of which was ever disclosed to plaintiffs, on their face appear to have expired in 1993. There is no express provision that they would continue upon future extensions of the prime lease, and so it is not clear that the franchisee operated the business at the subject premises. Moreover, at this early stage, prior to any discovery, it is unclear who the owner or owners are of the franchisee and C-500, whether they are the same as C-485, or what the contractual relationship is between the franchisee and C-500. That C-485 has not been dissolved is not dispositive, since it has been left an empty shell (*see id.*).

Although plaintiffs sufficiently allege all of the other elements of fraud in the inducement, they fail properly to allege damages that are not recoverable under the breach of contract claim (*see 34-35th Corp. v 1-10 Indus. Assoc.*, 2 AD3d 711, 712 [2003]). All of plaintiffs' proposed damages are essentially claims for lost rent under the lease (*compare Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954, 956 [1986]). Thus, the court should have denied plaintiffs' cross motion to the extent that it sought to add the seventh cause of action for fraud in the inducement. Concur—Andrias, J.P., Saxe, Nardelli, McGuire and Malone, JJ.