■ Mark Rossetti et al., Respondents, v Ambulatory Surgery Center of Brooklyn, LLC, et al., Appellants, et al., Defendants. [5 NYS3d 373]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 14, 2014, which denied defendants Ambulatory Surgery Center of Brooklyn, LLC, Terry Lazar, and Kimberly Lazar's motion to dismiss the first, fourth through eleventh, and thirteenth through fifteenth causes of action and to strike the demands for punitive and treble damages as against them, unanimously modified, on the law, to grant the motion as to the first, fourth, fifth, sixth, tenth, eleventh and fifteenth causes of action, and the fourteenth cause of action to the extent it is asserted by plaintiff Rossetti, and to strike the demand for treble and punitive damages, and otherwise affirmed, without costs.

Plaintiff Olivieri was employed as the medical director of defendant Ambulatory Surgery Center of Brooklyn (ASC) for some 10 years, until his termination in or about June 2013. Plaintiffs allege, inter alia, that during that time, defendants Terry Lazar and Kimberly Lazar, the owners of ASC, deceived Olivieri into lending ASC approximately $550,000 through fraudulent representations about ASC's solvency and their intention to maintain his employment as medical director, and that they induced Olivieri's friend, plaintiff Rossetti, a priest, into lending them $450,000 based on misrepresentations about ASC's solvency and a false promise that they would cause ASC to stop providing pregnancy termination services. Plaintiffs further allege that the Lazars forged Olivieri's signature on loan documents with a bank, resulting in his being liable for the loan. In addition to seeking to recover on promissory notes executed by ASC, plaintiffs assert causes of action for breach of an oral employment agreement, fraud, conversion, breach of fiduciary duty, and intentional infliction of emotional distress, and seek to pierce the corporate veil to recover the money loaned to ASC from the Lazars personally.

Giving plaintiffs the benefit of every inference, we find that the complaint states a cause of action for fraudulent inducement, by alleging that defendants knowingly misrepresented a present fact in order to induce plaintiffs to loan money to ASC (*see GoSmile, Inc. v Levine*, 81 AD3d 77, 81 [1st Dept 2010], *lv dismissed* 17 NY3d 782 [2011]). An unjust enrichment cause of action is stated by allegations that defendants obtained funds by forging Olivieri's name on loan documents; this is not duplicative of any breach of contract claim (*see Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572 [2005]). The requirements for demonstrating intentional infliction of emotional distress are "rigorous, and difficult to satisfy" (*Howell v New York Post Co.*, 81 NY2d 115, 122 [1993] [internal quotation marks omitted]). Those requirements have not been met here. No basis is pleaded for the demand for treble or punitive damages.

The complaint states a basis for piercing the corporate veil, by alleging that the Lazars commingled and misused corporate funds and used their domination and control of the corporate defendant to commit a fraud or wrong against plaintiffs (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]; *see also Teachers Ins. Annuity Assn. of Am. v Cohen's Fashion Opt. of 485 Lexington Ave., Inc.*, 45 AD3d 317 [1st Dept 2007]).

Olivieri's claims of breach of an oral employment agreement and wrongful termination fail to state causes of action (*see Sullivan v Harnisch*, 19 NY3d 259, 261 [2012]). Plaintiffs' references to article 28 of the Public Health Law do not aid in pleading a cognizable claim for breach of an oral employment contract for an indefinite period of time (*see Sater v Wyckoff Hgts. Hosp.*, 228 AD2d 427 [2d Dept 1996]). Nor have plaintiffs identified any basis for a breach of fiduciary duty claim based on the arm's-length loan transactions and employment relationships alleged (*see Bullmore v Ernst & Young Cayman Is.*, 45 AD3d 461, 463 [1st Dept 2007]). The causes of action alleging breach of the implied covenant of good faith and fair dealing and conversion are based on the same allegations as underlie the breach of contract claims and should be dismissed as duplicative (*see Ullmann-Schneider v Lacher & Lovell-Taylor, P.C.*, 121 AD3d 415, 416 [1st Dept 2014]).

The cause of action seeking recovery of attorneys' fees is sufficient as to Olivieri, based on the terms of his promissory notes, but Rossetti has not shown any contract or statutory basis for the claim, which therefore must be dismissed as to him (*see Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]).

We have considered defendants' remaining contentions, and find them unavailing.

Defendants raise no arguments with respect to the fourteenth cause of action. Concur—Tom, J.P., Renwick, Andrias, Richter and Gische, JJ.