■ JEFFREY WALD, Appellant, v LAWRENCE G. GRAEV et al, Respondents. [27 NYS3d 535]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on September 18, 2014, which granted defendants' CPLR 3211 (a) (7) motion to dismiss the complaint, unanimously modified, on the law, the complaint reinstated only to

the extent it asserts a cause of action for breach of contract against defendant GlenRock Group LLC based upon an alleged promise to vest 100,000 stock warrants on March 31, 2008, and otherwise affirmed, without costs.

The July 12, 2013 complaint alleges breach of an April 12, 2006 agreement promising the immediate vesting of 120,000 stock warrants, the vesting of an additional 100,000 warrants on March 31, 2007, and the vesting of a final 100,000 warrants on March 31, 2008. Accepting these allegations as true, affording the pleading a liberal construction, and giving plaintiff the benefit of every possible inference (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that Supreme Court properly held that the claim was barred by the applicable six year statute of limitations (CPLR 213 [2]) to the extent it was based on the promise to immediately vest warrants on April 12, 2006, and to vest an additional 100,000 warrants on March 31, 2007. However, the right to sue on an obligation does not accrue until an amount is due and payable (*see Phoenix Acquisition Corp. v Campcore, Inc.*, 81 NY2d 138, 141 [1993]; *Cadlerock, L.L.C. v Renner*, 72 AD3d 454 [1st Dept 2010]). To the extent plaintiff alleges breach of an agreement to vest a final 100,000 warrants on March 31, 2008, the claim did not accrue until approximately April 2008; hence, the July 2013 complaint was timely as to that particular claim.

To the extent the complaint alleges breach of a May 26, 2011 proposed letter agreement, the facts alleged show there was no meeting of the minds as to the agreement, but rather that plaintiff rejected the agreement's terms by making a counteroffer, which was never accepted by defendants (*Thor Props., LLC v Willspring Holdings LLC*, 118 AD3d 505, 507-508 [1st Dept 2014]).

The claims for unjust enrichment, quantum meruit, and promissory estoppel were properly dismissed as duplicative (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 388 [1987]) and as untimely (CPLR 213 [2]).

The complaint fails to set forth allegations sufficient to state a claim against the individual defendant, as the "director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken" (*Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915 [1978] [internal quotation marks and citation omitted]). Concur—Friedman, J.P., Andrias, Saxe and Kapnick, JJ.