■ METROPOLITAN COMMERCIAL BANK, Appellant-Respondent, v MICHAEL C. LEVY et al., Respondents-Appellants, et al., Defendants. [58 NYS3d 352]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered December 23, 2016, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for

partial summary judgment on the breach of contract claim and to dismiss the counterclaims on the pleadings, and denied defendants' cross motion for partial summary judgment on the breach of contract counterclaim and dismissing the complaint as against defendant Michael C. Levy, unanimously modified, on the law, to grant defendants' cross motion to dismiss the complaint as against Michael C. Levy, and otherwise affirmed, without costs.

Defendant Law Office of Michael C. Levy, LLC (the LLC) opened an IOLA account with plaintiff and deposited a purported client's cashier's check into the account. Shortly thereafter, the client, through the LLC, directed that the majority of the funds be wired to two international parties. Although plaintiff's business deposit accounts brochure says that a transfer of more than $5,000 out of a new account will be made only after nine business days, the money was wired out of the account before the ninth business day, after plaintiff's employees had verified by telephone with the clearinghouse bank that the check had "cleared." A few days later, it was discovered that the check was fraudulent.

The breach of contract claim should be dismissed as against defendant Michael C. Levy (Levy), because he is not the named customer on the bank account, and there is no basis for holding him liable in the various documents that comprise the application to open the account. The negligence cause of action should also be dismissed as against Levy. Limited Liability Company Law § 1205 (a) cannot serve as the basis for individual liability because it makes a member of an LLC liable for negligence in the furnishing of services, i.e. malpractice. Here, however, neither Levy nor the LLC were providing personal services to the bank; they were acting as its customer. Additionally, there are no allegations otherwise supporting a personal claim against Levy based on piercing the corporate veil (see Teachers Ins. Annuity Assn. of Am. v Cohen's Fashion Opt. of 485 Lexington Ave., Inc., 45 AD3d 317 [1st Dept 2007]).

Plaintiff failed to establish its entitlement to summary judgment on the breach of contract claim as against the LLC. Greenberg, Trager & Herbst, LLP v HSBC Bank USA (17 NY3d 565 [2011]) does not avail it, since that case involves a negligence claim, rather than a breach of contract claim, under the Uniform Commercial Code. We note that plaintiff has not appealed from the denial of its motion with respect to its negligence claim.

The record presents issues of fact precluding summary judgment on defendants' breach of contract counterclaim. Levy

argues that the LLC did not agree to plaintiff's account terms and conditions, and questions of fact exist as to whether defendants waived the nine-day hold period when they directed plaintiff to wire the funds shortly after they were deposited.

Contrary to plaintiff's contention, defendants sufficiently pleaded damages to withstand the motion to dismiss the counterclaims. Concur—Tom, J.P., Richter, Manzanet-Daniels, Mazzarelli and Gische, JJ.