Order, Supreme Court, New York County (Shlomo Hagler, J.), entered March 21, 2016, which granted defendant’s motion for summary judgment dismissing the complaint and for partial summary judgment on liability on her counterclaims, and denied plaintiffs’ cross motion for summary judgment dismissing the counterclaims, unanimously affirmed, without costs.
 

 Plaintiffs failed to demonstrate that defendant was a “bona fide executive” exempt from coverage under the federal and state overtime compensation laws (see 29 CFR 541.100 [a]; 12 NYCRR 142-2.14 [c] [4] [i] [a]-[e]; Clougher v Home Depot U.S.A., Inc., 696 F Supp 2d 285, 289 n 4 [ED NY 2010]). In fact, the evidence supports defendant’s position that she was a covered employee and not an executive, as her duties were not “primarily” managerial. Contrary to plaintiffs’ contention, defendant’s allegations do not merely track the overtime compensation statutes (29 USC § 207; Labor Law § 663), and her testimony and that of others sufficiently demonstrates that she worked in excess of forty hours per week during specific months of the year, including often working until 9 or 10 p.m. and on Saturdays (see Dejesus v HF Mgt. Seros., LLC, 726 F3d 85, 88 [2d Cir 2013], cert denied 571 US —, 134 S Ct 918 [2014]).
 

 Plaintiffs’ breach of contract claim is undermined by the individual plaintiff’s denial in his deposition testimony that there was any contract with defendant to allocate the fees earned from certain travel services. Moreover, plaintiffs failed to set forth the terms of the alleged agreement, and therefore cannot demonstrate that defendant had breached any contractual term (see Paz v Singer Co., 151 AD2d 234, 235 [1st Dept 1989]).
 

 Plaintiffs’ breach of good faith claim is not viable in the absence of a valid contract (see Murphy v American Home Prods. Corp., 58 NY2d 293, 304 [1983]) and is duplicative (see Rossetti v Ambulatory Surgery Ctr. of Brooklyn, LLC, 125 AD3d 548, 549 [1st Dept 2015]). To the extent that the portion of this cause of action suggests a breach of fiduciary duty owed by an employee to an employer, it is based on the same factual allegations as the breach of contract claim, and is duplicative (see Stefatos v Frezza, 95 AD3d 787, 787 [1st Dept 2012]). The unjust enrichment claim is similarly duplicative (see Wald v Graev, 137 AD3d 573, 574 [1st Dept 2016]) and is also deficient because plaintiffs are unable to demonstrate that defendant had retained benefits to which she was not in good conscience entitled (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]).
 

 We have considered plaintiffs’ remaining contentions and find them unavailing.
 

 We decline defendant’s request to impose sanctions on plaintiffs, as plaintiffs’ appeal is not frivolous (see 22 NYCRR 130-2.1).
 

 Concur — Richter, J.P., Webber, Kern and Moulton, JJ.