Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc. (2018 NY Slip Op 05854)





Pacella v Town of Newburgh Volunteer Ambulance Corps. Inc.


2018 NY Slip Op 05854


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-11948
2015-11988
2016-05403
2018-08922
 (Index No. 1750/10)

[*1]Nancy Pacella, et al., appellants, 
v
Town of Newburgh Volunteer Ambulance Corps. Inc., etc., et al., respondents, et al., defendants.


Drake Loeb PLLC, New Windsor, NY (Ralph L. Puglielle, Jr., of counsel), for appellants.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh, NY (Joseph A. Catania, Jr., David A. Rosenberg, and Jeffrey Sculley of counsel), for respondents Town of Newburgh Volunteer Ambulance Corps. Inc., Town of Newburgh Volunteer Ambulance Corps. Inc. Length of Service Award Program, John Stepinski, Karen Bakun,Tara Gandolfo, Michael Starace, Margaret Maher, Suzanne Ostrander, Anne Haugland, and Nina Haugland, as administrator of the estate of Bjorn Haugland.
Keidel, Weldon & Cunningham, LLP, White Plains, NY (John J. Iacobucci, Jr., and Howard S. Kronberg of counsel), for respondent Hometown Firefighter Services Insurance Agency.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (John P. Colangelo, J.), dated September 10, 2015, (2) two orders of the same court, both dated September 15, 2015, and (3) a judgment of the same court dated April 8, 2016. The order dated September 10, 2015, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first cause of action insofar as asserted against the defendant Town of Newburgh Volunteer Ambulance Corps. Inc. and on the third and fourth causes of action insofar as asserted against that defendant and the individual defendants, and granted those branches of the cross motion of those defendants and the defendant Town of Newburgh Volunteer Ambulance Corps. Inc. Length of Service Award Program which were for summary judgment dismissing the complaint insofar as asserted against the defendant Town of Newburgh Volunteer Ambulance Corps. Inc. and the individual defendants. The first order dated September 15, 2015, denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the third and fourth causes of action insofar as asserted against the defendant Hometown Firefighter Services Insurance Agency, and granted that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against it. The second order dated September 15, 2015, denied the plaintiffs' motion pursuant to CPLR 3025(b) for leave to amend the complaint to add defendants. The judgment, insofar as appealed from, is in favor of the defendant Town of Newburgh Volunteer Ambulance [*2]Corps. Inc., the individual defendants, and the defendant Hometown Firefighter Services Insurance Agency and against the plaintiffs dismissing the complaint insofar as asserted against those defendants.
ORDERED that the appeals from the orders are dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the first cause of action insofar as asserted against the defendant Town of Newburgh Volunteer Ambulance Corps. Inc.; as so modified, the judgment is affirmed insofar as appealed from, the first cause of action is reinstated insofar as asserted against that defendant, that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the first cause of action insofar as asserted against that defendant is granted, that branch of the cross motion of that defendant and others which was for summary judgment dismissing the first cause of action insofar as asserted against that defendant is denied, the order dated September 10, 2015, is modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for further proceedings on the first cause of action insofar as asserted against that defendant, and for the entry of an appropriate amended judgment thereafter; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs, payable by the defendant Town of Newburgh Volunteer Ambulance Corps. Inc., and one bill of costs is awarded to the defendant Hometown Firefighter Services Insurance Agency, payable by the plaintiffs.
The appeals from the intermediate orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs are present or former members of the defendant Town of Newburgh Volunteer Ambulance Corps. Inc. (hereinafter TONVAC). In February 2000, TONVAC established a length of service award program (hereinafter the LOSAP), retroactive to January 1, 1998. The LOSAP documents provided for certain payments to participants who were at least 60 years of age, based on their length of service and activities undertaken, as well as certain benefits for the participants' beneficiaries. A participant's right to accrued benefits would fully vest after five years of service, at the entitlement age, or at the time of death or disability. Notwithstanding the vesting schedule, "upon any full or partial termination of the Plan, a Participant shall become fully Vested in his [or her] Accrued Benefit which shall not thereafter be subject to forfeiture."
The named fiduciaries of the LOSAP were TONVAC, as sponsor, as well as an administrator and a trustee. Each named fiduciary was responsible for the proper exercise of its own powers and duties. The LOSAP plan document further provided that "each named Fiduciary may rely upon any such direction, information or action of another named Fiduciary as being proper under this Agreement, and is not required under this Agreement to inquire into the propriety of any such direction, information or action." Section 9.4 of the plan document provided: "It shall be impossible by operation of the Plan or of the Trust, by termination of either, by power of revocation or amendment, by the happening of any contingency, by collateral arrangement or by any other means, for any part of the corpus or income of any trust fund maintained pursuant to the Plan or any funds contributed thereto to be used for, or diverted to, purposes other than the exclusive benefit of Participants, retired Participants, or their Beneficiaries."
In May 2008, TONVAC's membership voted to immediately freeze its contributions to the plan and payouts to current beneficiaries. Participants did not receive their June 2008 benefit payments or any payments thereafter. On October 14, 2008, TONVAC terminated the LOSAP. Upon TONVAC's direction, the administrator liquidated the LOSAP and turned the trust funds over to TONVAC, which used them for its general business purposes.
The plaintiffs commenced this action against, among others, TONVAC, certain members of its Board of Directors, the LOSAP, and Hometown Firefighter Services Insurance [*3]Agency (hereinafter Hometown), which was alleged to have been the administrator of the LOSAP. The first causes of action, alleging breach of contract, was asserted against TONVAC and the LOSAP, and the fifth cause of action, alleging promissory estoppel, was asserted only against TONVAC. The second, third, and fourth causes of action were asserted against all defendants and alleged violations of the Employee Retirement Income Security Act of 1974 (29 USC § 1001 et seq.; hereinafter ERISA), sought declaratory relief, and alleged breach of fiduciary duties, respectively.
The plaintiffs moved, inter alia, for summary judgment on the issue of liability on the first cause of action insofar as asserted against TONVAC and on third and fourth causes of action. TONVAC and the individual defendants (hereinafter collectively the TONVAC defendants), as well as the LOSAP, cross-moved for summary judgment dismissing the complaint insofar as asserted against them, and Hometown separately cross-moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs further moved pursuant to CPLR 3025(b) for leave to amend the complaint to add as defendants two entities alleged to have been the administrator of the LOSAP. In three separate orders, the Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the first, third, and fourth causes of action, granted the separate cross motions, and denied the plaintiffs' motion for leave to amend the complaint. Subsequently, judgment was entered in favor of the cross-moving defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
We agree with the Supreme Court's determination that ERISA does not apply to the LOSAP because the plaintiffs were not employees within the meaning of the statute (see 29 USC §§ 1002[6]; 1003[a]; Nationwide Mut. Ins. Co. v Darden, 503 US 318, 323). Accordingly, we agree with the court's determination to award the TONVAC defendants and Hometown summary judgment dismissing the second cause of action insofar as asserted against each of them.
However, we disagree with Supreme Court's determination that the LOSAP did not constitute an enforceable contract between the plaintiffs and TONVAC. The TONVAC defendants did not dispute that the plan specification document and the plan document, together, constituted the LOSAP which was adopted. Rather, they argued that the LOSAP was gratuitous and therefore unenforceable. The TONVAC defendants' contention is without merit. The LOSAP was a unilateral contract which created a vested right in those participants who accepted the offer it contained by continuing in service for the requisite number of years (see Pratt v Petroleum Prod. Mgt., Inc. Employee Sav. Plan & Trust, 920 F2d 651, 661 [10th Cir]; Black v Bresee's Oneonta Dept. Store, Inc. Sec. Plan, 919 F Supp 597, 602 [ND NY]; Kemmerer v ICI Americas Inc., 842 F Supp 138, 142-143 [ED Pa], affd in part 70 F3d 281 [3d Cir]; Scoville v Surface Transit, 39 Misc 2d 991, 993 [Sup Ct, NY County]). Once a participant performed the conditions of the offer, the entitlement to benefits vested, binding TONVAC to its unilateral promise (see Pratt v Petroleum Prod. Mgt., Inc. Employee Sav. Plan & Trust, 920 F2d at 661; Morales v Plaxall, Inc., 541 F Supp 1387, 1391 [ED NY]; Scoville v Surface Transit, 39 Misc 2d at 993).
In support of their motion, the plaintiffs established that their rights to accrued benefits vested in accordance with the provisions of the LOSAP, creating an enforceable contract between them and TONVAC (see Scoville v Surface Transit, 39 Misc 2d at 993; cf. Kravitz v Twentieth Century-Fox Film Corp., 5 Misc 2d 368, 370-371 [Sup Ct, NY County]). They further demonstrated that, upon termination of the LOSAP, TONVAC breached the contract by depriving them of their vested benefits and diverting the LOSAP trust funds to purposes other than for the exclusive benefit of participants and their beneficiaries. In opposition, the TONVAC defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562). Accordingly, the court should have granted that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against TONVAC on the first cause of action, and should have denied that branch of the cross motion of the TONVAC defendants and the LOSAP which was for summary judgment dismissing that cause of action insofar as asserted against TONVAC.
The existence of a valid and enforceable contract between the parties precludes recovery under a promissory estoppel cause of action arising out of the same subject matter (see Hoeg Corp. v Peebles Corp., 153 AD3d 607, 610; Wald v Graev, 137 AD3d 573, 574; Grossman [*4]v New York Life Ins. Co., 90 AD3d 990, 991-992). Accordingly, we agree with the Supreme Court's determination to award TONVAC summary judgment dismissing the fifth cause of action.
Similarly, we agree with the Supreme Court's determination to award the TONVAC defendants and Hometown summary judgment dismissing the third cause of action, which sought a declaratory judgment, insofar as asserted against each of them, since it was duplicative of the breach of contract cause of action and unnecessary (see Village of Kiryas Joel v County of Orange, 144 AD3d 895, 898; BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am., 247 AD2d 565, 568).
Insofar as asserted against TONVAC, the fourth cause of action, which alleged breach of fiduciary duties, was duplicative of the breach of contract cause of action, since those causes of action are based on the same facts and seek essentially identical damages (see Federico v Brancato, 144 AD3d 965, 967; Canzona v Atanasio, 118 AD3d 841, 843; Chowaiki & Co. Fine Art Ltd. v Lacher, 115 AD3d 600). Accordingly, we agree with the Supreme Court's determination to award the TONVAC defendants summary judgment dismissing the fourth cause of action insofar as asserted against them.
Hometown demonstrated its prima facie entitlement to summary judgment dismissing the fourth cause of action insofar as asserted against it by demonstrating that, under the terms of the LOSAP, TONVAC had sole responsibility concerning termination of the LOSAP and allocation of the trust funds, and Hometown was entitled to rely on TONVAC's directions regarding these issues as being proper under the agreement. In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d at 562). Accordingly, we agree with the Supreme Court's grant of that branch of Hometown's cross motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against it.
In light of our determination that the causes of action asserted against Hometown were without merit, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the complaint so as to assert those causes of action against two additional entities alleged to have been the administrator of the LOSAP, as the proposed amendments were patently devoid of merit (see Santostefano v Middle Country Cent. Sch. Dist., 156 AD3d 926, 928; Skywest, Inc. v Ground Handling, Inc., 150 AD3d 922, 924).
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court