Remora Capital S.A. v Dukan (2019 NY Slip Op 06871)





Remora Capital S.A. v Dukan


2019 NY Slip Op 06871


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


654774/17 9931A 9931

[*1] Remora Capital S.A., et al., Plaintiffs-Respondents,
v
Dr. Pierre Dukan, et al., Defendants-Appellants.


Kellner Herlihy Getty & Friedman, New York (Thomas Vandenabeele of counsel), for appellants.
Boies Schiller Flexner LLP, New York (Leigh M. Nathanson of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about July 20, 2018, which denied defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, unanimously modified, on the law, to grant the motion as to the claims for fraud, fraudulent inducement, breach of the implied covenant of good faith and fair dealing, unjust enrichment and conversion, and otherwise affirmed, without costs. Order, same court and Justice, entered on or about November 27, 2018, which denied the motion by defendants Dr. Pierre Dukan, Marie Dukan, Sacha Dukan, Maya Dukan, Duvalec S.A.R.L. and SEDAD, S.A.S. to dismiss the complaint as against them pursuant to CPLR 306-b, unanimously affirmed, without costs.
The motion court correctly sustained the claim of breach of the DDR Loan Agreement upon its finding that defendants' documentary evidence failed to demonstrate that defendants performed under the agreement (CPLR 3211[a][1]; see J.P. Morgan Sec. Inc. v Vigilant Ins. Co., 21 NY3d 324, 334 [2013]). The fact that plaintiffs' contribution was booked as "paid in capital" does not show that any shares were allocated to plaintiffs, much less the number of shares allocated, or their valuation. Defendants contend that stock certificates are not determinative, but there is no record evidence that defendants furnished plaintiffs with alternate proof of their ownership.
Plaintiffs adequately pleaded damages, alleging that they lost the funds they contributed, which were neither converted to shares, as agreed, nor otherwise repaid. Even if the loan agreement did not contemplate repayment of the loaned amounts in cash, plaintiffs' allegations of damages are adequate, since they have nothing to show for their capital contribution to defendant Diet Coaching (cf. Noryb Ventures, Inc. v Mankovsky, 47 Misc 3d 1220[A], 2015 NY Slip Op 50715[U], *6-7 [Sup Ct, NY County, May 7, 2015] [while no stock certificates were issued, the parties' letter agreement contemplated memorialization of plaintiffs' ownership status by other means]).
The court correctly sustained the claim for breach of the Advisory Loan Agreement (CPLR 3211[a][7]). Defendants do not deny that they failed to fulfill their conceded obligation of converting 󌍬,000 to shares. Rather, they argue that they never had access to the 󌍬,000 that was to be converted. However, that is not the way the transaction is described in the complaint (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]). Defendants may not have had a new infusion of money in that amount from plaintiffs, but they would have had access to the funds in the form of moneys that they would otherwise have been obligated to pay to plaintiff Remora Partners S.A. for advisory services rendered, which payment was made instead, on their behalf, by plaintiff Remora Capital S.A. To the extent defendants dispute that Remora Capital rendered the requisite advisory services, that is an issue of fact not resolvable on a motion to dismiss for failure to state a cause of action.
The complaint fails to provide a sufficient factual basis for piercing the corporate defendants' veil to impose liability on defendants Dr. Pierre Dukan, his wife Marie, son Sacha, and daughter Maya (see Teachers Ins. Annuity Assn. of Am. v Cohen's Fashion Opt. of 485 Lexington Ave., Inc., 45 AD3d 317, 318 [1st Dept 2007]). Plaintiffs' conclusory assertions of domination and control by the family defendants, unity of interest, shell framework, and use of the companies as a conduit for the family's personal business are not supported by factual allegations related to "the transaction attacked" (id.), namely, the DDR and Advisory Loan Agreements.
In any event, the fraud claims must be dismissed as duplicative of the breach of contract claims because they rest on allegations that the family defendants did not intend to meet their contractual obligations (see e.g. ID Beauty S.A.S. v Coty Inc. Headquarters, 164 AD3d 1186 [1st Dept 2018]; Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54, 62-63 [1st Dept 2017]). Nor do the family defendants' alleged statements about their companies' financial situation support a fraud claim; those statements are non-actionable expressions of hope (RKA Film Fin., LLC v Kavanaugh, 171 AD3d 678 [1st Dept 2019]; Zaref v Berk & Michaels, 192 AD2d 346, 349 [1st Dept 1993]).
The claim for breach of the implied covenant of good faith and fair dealing must be dismissed as redundant of the breach of contract claims (see Tillage Commodities Fund, L.P. v SS & C Tech., Inc., 151 AD3d 607, 608-609 [1st Dept 2017]). Plaintiffs allege that they suffered reputational harm in the investment community, in addition to the injury flowing from defendants' breaches of contract, but they do not allege that this separate harm stemmed from additional wrongdoing by defendants.
The unjust enrichment claim must be dismissed because it arises from matters covered by the contracts (Kickertz v New York Univ., 110 AD3d 268, 276-277 [1st Dept 2013]). Given the inadequacy of the allegations of alter ego liability, we reject plaintiffs' argument that those allegations support extending contractual liability to the non-signatory family defendants (see Randall's Is. Aquatic Leisure, LLC v City of New York, 92 AD3d 463 [1st Dept 2012], lv denied 19 NY3d 804 [2012]). The conversion claim is duplicative of the breach of contract claims (see Kopel v Bandwidth Tech. Corp., 56 AD3d 320 [1st Dept 2008]). Plaintiffs' arguments to the contrary are based on their now dismissed alter ego theory.
The motion court correctly denied the motion to dismiss pursuant to CPLR 306-b on the ground that the moving defendants waived the defense of lack of jurisdiction by failing to assert it in their CPLR 3211 motion (CPLR 3211[a][8]; 3211[e]; Addesso v Shemtob, 70 NY2d 689 [1987]; Montcalm Publ. Corp. v Pustorino, 125 AD2d 188 [1st Dept 1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK