Maurice Oparaji, Plaintiff-Appellant, 
against
Municipal Credit Union d/b/a MCU, Defendant-Respondent.




Plaintiff, as limited by his briefs, appeals from so much of (1) an order of the Civil Court of the City of New York, Bronx County (Sabrina B. Kraus, J.), entered October 11, 2017, which granted his motion for partial summary judgment only to the extent of precluding defendant from further discovery; and (2) an order and judgment (same court and Judge), entered June 6, 2018, which granted defendant's oral motion to dismiss the complaint at the close of plaintiff's case.




Per Curiam.
Order and judgment (Sabrina B. Kraus, J.), entered June 6, 2018, modified to reinstate the breach of contract cause of action and to remand for a new trial on said cause of action; as modified, order and judgment affirmed, without costs. Appeal from order (same court and Judge), entered October 11, 2017, dismissed, without costs, as subsumed in the appeal from the ensuing order and judgment, and as academic.
The breach of contract cause of action asserted by plaintiff, a client of defendant Municipal Credit Union (MCU), should not have been dismissed at the close of plaintiff's case. Accepted as true and accorded the benefit of every favorable inference (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]), plaintiff's as yet unrebutted testimony and documentary evidence established that MCU imposed some sixty-nine charges for overdraft fees on his checking account that were not authorized by the terms of the agreement between the parties. This evidence was sufficient to demonstrate at this juncture the existence of a contract, defendant's breach thereof and resulting damages (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [2010]).
However, even affording plaintiff every favorable inference that reasonably could be drawn from the evidence adduced at trial, we agree that plaintiff merely alleged a private contract dispute unique to the parties that would not fall within the ambit of General Business Law § 349 (see Gomez-Jimenez v New York Law Sch., 103 AD3d 13, 16 [2012], lv denied 20 NY3d 1093 [2013]). Plaintiff's conversion and breach of fiduciary duty claims based upon the same allegations that underlie his breach of contract claim were properly dismissed as duplicative (see [*2]Rossetti v Ambulatory Surgery Ctr. of Brooklyn, LLC, 125 AD3d 548, 549 [2015]; Brooks v Key Trust Co. Natl. Assn, 26 AD3d 628, 630 [2006], lv dismissed 6 NY3d 891 [2006]).
The action having proceeded to trial, the appeal from the order denying plaintiff's motion for summary judgment is dismissed as academic (see Ponticelli v San Remo Civic Assn., 57 AD2d 612 [1977]). Were we to examine the merits, we would affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: December 26, 2019