Plotch v Citibank, N.A. (2025 NY Slip Op 07115)

Plotch v Citibank, N.A.

2025 NY Slip Op 07115

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Kern, J.P., Scarpulla, Friedman, Shulman, Rosado, JJ. 

Index No. 653971/22|Appeal No. 5436—M-6141|Case No. 2024-05253|

[*1]Adam Plotch, Plaintiff-Respondent,
v
Citibank, N.A. et al., Defendants-Appellants.

Sills Cummins & Gross P.C., New York (Lori K. Sapir of counsel), for appellants.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered July 25, 2024, which granted plaintiff's motion for a default judgment pursuant to CPLR 3215 to the extent of directing defendants to submit an answer in response to the amended verified complaint, unanimously reversed, on the law and the facts, with costs, the motion denied, and the order, same court and Justice, entered April 20, 2023, dismissing the complaint, reinstated.
The service of an amended pleading does not automatically moot a pending motion to dismiss, and defendant has a right to determine whether it will opt to apply its pending motion to the new pleadings (see Fownes Bros. & Co., Inc. v JPMorgan Chase & Co., 92 AD3d 582, 582 [1st Dept 2012]; Sage Realty Corp. v Proskauer Rose LLP, 251 AD2d 35, 38 [1st Dept 1998]). Furthermore, a court may apply a motion to dismiss toward the amended complaint where plaintiff sought the amendment rather than to defend the original complaint (see DiPasquale v Security Mut. Life Ins. Co. of N.Y., 293 AD2d 394, 395 [1st Dept 2002]).
Here, defendants' motion to dismiss the original complaint could properly be directed toward the amended complaint because the theory underlying the original complaint—namely, that defendants failed to furnish certain information necessary for plaintiff's board application—remained unchanged, aside from several clarifying additions to the original pleading. Plaintiff's causes of action for declaratory judgment concerning the return of the deposit and liquidated damages provision, rescission, and breach of implied covenant of good faith and fair dealing are all duplicative of his breach of contract claim, as they are based on the same underlying facts (see Colfin SNP-1 Funding, LLC v Security Natl. Props. Servicing Co., LLC, 199 AD3d 406, 407 [1st Dept 2021]; Lantau Holdings Ltd. v General Pac. Group Ltd., 163 AD3d 407, 409 [1st Dept 2018]; Rossetti v Ambulatory Surgery Ctr. of Brooklyn, LLC, 125 AD3d 548, 549 [1st Dept 2015]).
As to plaintiff's breach of contract cause of action, neither the original nor the amended complaint identify which provision of the terms of sale defendants breached and which obligation they failed to perform. Moreover, defendants submitted
documentation demonstrating that plaintiff neither closed within 30 days of the auction, nor had he been approved or rejected by the board. M-06141 — Plotch v Citibank N.A., et al.
Motion to dismiss the appeal, denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025